# Exhibit A

1   NA'IL BENJAMIN, ESQ. (SBN 240354)
2   ALLYSSA VILLANUEVA, ESQ. (SBN 312935)
    BENJAMIN LAW GROUP, P.C.
3   1290 B Street, Suite 314
    Hayward, California 94541
4   Telephone:  (510) 897-9967
    Facsimile:  (510) 439-2632
5   nbenjamin@benjaminlawgroup.com
    allyssa@benjaminlawgroup.com
6
7   Attorneys for Plaintiff
    **YOSHIRA BARAJAS and NACHAE**
8   **WILLIAMS**, individually and on behalf of
    others similarly situated
9

**FILED BY FAX**
ALAMEDA COUNTY

March 08, 2019

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
**RG19010306**

*RECEIVED*
*3/20/19*

*SERVED ON CSC*

10                  SUPERIOT COURT OF CALIFORNIA
11
                 IN AND FOR THE COUNTY OF ALAMEDA
12

13   **YOSHIRA BARAJAS**, individually and on      Case No.: _____
14   behalf of others similarly situated, and
     **NACHAE WILLIAMS**, individually and on
15   behalf of others similarly situated             **CLASS AND REPRESENTATIVE
                                                     ACTION FOR:**
16                       Plaintiffs,
17                                                   **(1) Failure to Pay Minimum Wages in
          v.                                          Violation of Cal. Labor Code Section
18                                                    1197;**
     **CARRIAGE CEMETERY SERVICES OF**
19   **CALIFORNIA, INC.**, a California              **(2) Failure to Pay Premium Wages in
     Corporation; **CARRIAGE FUNERAL**               Violation of Cal. Labor Code Section
20   **SERVICES OF CALIFORNIA, INC.**, a             510;**
     California Corporation; and, DOES 1 through
21   50, inclusive,                                  **(3) Breach of Contract;**
22                       Defendants.                 **(4) Fraud – Intentional
                                                     Misrepresentation;**
23
                                                     **(5) Fraud – False Promise;**
24
                                                     **(6) Violation of Cal. Labor Code
25                                                   Section 2751 (PAGA penalties); and**
26                                                   **(7) Violation of Cal. Business &
                                                     Professions Code Sections 17200** *et seq.*
27
                                                     **DEMAND FOR JURY TRIAL**
28

## INTRODUCTION

1.     Individual and representative plaintiffs, YOSHIRA BARAJAS, HENRY GRANT, and NACHAE WILLIAMS  bring this class and representative action on behalf of themselves and all persons who were employed ("Employees") in California by Defendant CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC, CARRIAGE SERVICES, INC., and CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC. and DOES 1-50, inclusive (collectively "**Defendants**") from the date four years prior to the filing date of the original Complaint through the entry of judgment.

2.     On information and belief, Defendants jointly control the terms and conditions of employment for employees working at one or more of the numerous California properties they own.  Defendants jointly and severally manage and control payroll functions, human resources functions, staffing and personnel functions, sales licensing functions, and/or other key aspects of Plaintiffs' terms and conditions of employment.  Defendants are deemed joint employers under the California Labor Code

3.     Plaintiffs were paid an hourly wage intended to reflect the minimum wage requirements.  Plaintiffs were not salaried employees, or otherwise paid as exempt employees.

4.     Defendants violate the labor code by requiring its Employees and Plaintiffs to work in excess of 8 hours per day and/or in excess of 40 hours per week without any compensation.  Furthermore, the compensation Employees and Plaintiffs did receive when calculated to cover the hours actually worked, results in a rate of pay below the legal minimum wage.  Due to the nature of Plaintiffs' job duties; including the scheduling of appointments, returning phone calls, and following up with potential sales opportunities after working eight hours in a day, or 40 hours in a wee, Defendants knew that Plaintiffs Employees worked overtime without compensation.  Defendant failed to pay Plaintiffs and its Employees as required by California law.  Plaintiffs also alleges that these acts, which violate the California Labor Code,

2

constitute unlawful and unfair business practices in violation of California's Unfair Competition Law under Business and Professions Code sections 17200 *et seq.* ("UCL"). Plaintiffs also claim civil waiting time penalties and interest for the above acts, and upon proof of Defendants' failures to pay minimum wage and overtime for non-exempt employees that do not satisfy the outside salesperson requirements. Plaintiffs further seek PAGA penalties for failure to provide written commission agreements; to obtain written consent to commission agreements; and to provide employees with copies of commission agreements in violation of Cal. Labor Code section 2751. Plaintiffs, on behalf of themselves and all class members, also seek attorneys' fees and costs, prejudgment interest, and other relief the court may deem appropriate.

5.     The "Class Period" is designated as the time from four years prior to filing this Complaint through the date of trial based upon the allegations that the violations of the Labor Code and the UCL have been ongoing since at least four years prior to the date of this Complaint and are continuing.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper because Defendants operated as employers in the State of California. This Court has jurisdiction over the Labor Code claims for unpaid wages pursuant to Labor Code sections 510 and 1194.

7.     Venue in Alameda County is appropriate under California Code of Civil Procedure section 395(a) because the unlawful practices alleged herein were committed in the County of Alameda, at least one Plaintiff is a resident of Alameda County, and Plaintiffs performed job duties in Alameda County.

## PARTIES

**I.     Individual Plaintiffs**

8.     Plaintiff YOSHIRA BARAJAS ("Ms. Barajas") is and was a resident of Contra Costa County at all relevant times. Ms. Barajas was an employee of Defendants at all relevant times.

3

**CLASS AND REPRESENTANTIVE COMPLAINT FOR DAMAGES**
**BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.**

9.    Plaintiffs Henry Grant ("Mr. Grant") is and was a resident of Alameda County at all relevant times. Mr. Grant was an employee of Defendants at all relevant times.

10.    Plaintiff Nachae Williams ("Ms. Williams") is and was a California employee that performed job duties in Oakland, CA in public locations like Jack London Square, and other public locations in Alameda County while working without compensation in violation of California Labor Codes.

## II.    Defendant

11.    On information and belief, Defendants CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC. and CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC. (collectively "Carriage") is registered to do business in California and employs citizens under the laws of the State of California. Carriage owns, operates, controls, and/or manages employing entities throughout California, and employs, controls, and/or directs the employment duties of California employees to suffer harm as alleged herein in Contra Costa County, Alameda County, as well as other surrounding counties. Carriage does business in California providing funeral and burial related services in the names of various cemeteries including "Carriage Funeral Services of California, Inc." and "Carriage Cemetery Services of California, Inc."

12.    Upon information and belief, all Defendants are joint employers and a joint corporation operating and employing California citizens under the laws of the state of California throughout the state of California.

13.    Defendants DOES 1-50 are sued herein under fictitious names. Their true names and capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs. Plaintiffs are informed and believe and based thereon allege that each of the Defendants sued herein as a Doe is responsible in some manner for the events and happenings herein set forth and proximately caused injury and damages, and any reference to "Defendant" shall mean "Defendants, and each of them." Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

4

## FACTUAL BACKGROUND

14.     Ms. Barajas was employed by Defendant starting in or around 2016 and until she voluntarily quit in or around mid-2018 due to unfair working conditions. Before being hired, Ms. Barajas received and offer letter the purported to be a written commission agreement in compliance with California law.  Ms. Barajas was first hired into the position of consultant for her entire employment.  As a consultant, Ms. Barajas's main job duty was conducting sales including meeting with clients, phone calls with clients, attending local events to prospect for sales, and closing business deals, and waiting on call for work-related business.

15.     Defendants paid Ms. Barajas $15.00 per hour as a consultant. However, Ms. Barajas worked an average of 52 to 58 hours per week including nights and weekends and worked seven days a week.  Despite her hours worked, Defendants always payed Ms. Barajas for 40 hours at the rate of $15.00 per hour.  Ms. Barajas and other employees used a time punch card but were not allowed to record hours beyond eight hours in a day.

16.     Ms. Barajas was paid by pre-loaded card and was not provided with wage statements.

17.     In or around the end of 2016, Defendants increased Ms. Barajas's rate of pay to $17.00/ per hour.  However, after around three weeks at this rate of pay, Defendants informed her that she had not sold enough to continue at the $17.00/hour rate.

18.     Instead of return Ms. Barajas to her $15.00/hour rate of pay, Defendants transitioned Ms. Barajas to be a commission-only sales person.  Defendants promised her that if she made enough sales she would be returned to her hourly position.  Ms. Barajas was never given anything explaining, authorizing, or documenting her change in title and pay.  However, her job duties were unchanged from the consultant title and even heightened.

19.     Ms. Barajas frequently asked her supervisor to explain her job position and compensation system but was never fully informed.

20.     As a commission-only sales person, Ms. Barajas was not paid at all unless she made a sale.  Ms. Barajas worked 7 days a week and an average of 70-80 hours per week.  She

5

1    was not compensated for any hours worked.  Ms. Barajas was never informed of how many sales

2    would be sufficient to return her to an hourly position.

3        21.    In mid-2018, Ms. Barajas voluntarily separated employment after being unpaid for

4    over a year and half despite working 70-80 hours per week.

5        22.    Plaintiff's total compensation amounts to less than the applicable minimum wage

6    for all hours worked.  Moreover, Defendants breached their written commission agreement.  The

7    true terms and conditions of Ms. Barajas's commission compensation was not reflected in a

8    signed written commission agreement, and Defendants' failed to pay Ms. Barajas as agreed in the

9    offer letter and so-called commission agreement that formed the basis of the employment

10   agreement between the Parties.

11       23.    To date, Defendants have refused to and failed to pay Plaintiffs for all hours

12   worked.

13       24.    As a result of Defendants conduct, Ms. Barajas suffered unpaid wages and related

14   financial hardships.

15       25.    Mr. Grant and Ms. Williams suffered a fate similar to Ms. Barajas.  They were

16   employed between 2015 and 2017 before leaving due to the mounting unpaid wages and the

17   financial difficulties caused by being required to work for free.  Like Ms. Barajas, Mr. Henry and

18   Ms. Williams did not receive minimum wage or overtime to ensure they were paid for all hours

19   worked.  The true terms and conditions of their commission compensation was not provided in a

20   signed written commission agreement.

21       26.    Plaintiffs believe there are 50-250 potential class members that suffered this same

22   mistreatment due to Defendants' compensation plan that did not include overtime payments for

23   certain sales employees, and that required certain sales employees to work as "Commission-

24   Only" employees without any compensation for their hourly work performed.

25                    **CLASS AND REPRESENTATIVE ACTION**

26       27.    Plaintiffs brings this action individually, on behalf of the general public, and on

27   behalf of all others similarly situated within the class of all former and current employees

28                                                6

("Employees") employed by Defendants within the State of California within four years of the filing of the original Complaint until the entry of judgment.  The Class Plaintiffs seek to represent is defined as:

> All former and current employees ("Class Members") employed by Defendants within the State of California within four years of the filing of this Complaint until the entry of judgment after trial.

Plaintiffs also propose that the Class will be subdivided into five (5) sub-classes consisting of:

> (1) all Class members that were not paid the minimum wage for all hours worked as required by California law;

> (2) all Class members that were not paid overtime wages for all hours worked in excess of eight (8) in a day and/or forty (40) in a week;

> (3) all Class members that were subject to breach(es) to their commission agreements by Defendants;

> (4) all Class members that were subjected to and reasonably relied on Defendant's intentional misrepresentations in entering into employment and/or commission agreements; and

> (5) all Class members that were subjected to and reasonably relied on Defendant's false promises in entering into employment and/or commission agreements.

Membership in one subclass is not mutually exclusive of membership in the other subclass. Plaintiffs believe that many or most Class members are members of both subclasses.

28.    The persons in the Class, and in each subclass, are so numerous that joinder is impracticable, and the disposition of these claims in a class action rather than in individual actions will benefit the parties and the Court. The similarly situated employees are known to Carriage and readily identifiable through Carriage's own records.  On information and belief, the Class consists of more than 50 people. Plaintiffs further allege, based on information and belief, that there is not less than 5 people in each subclass.

29.    There is a well-defined community of interest in common questions of law and fact. Common questions of law and fact include questions raised by the individual Plaintiffs'

7

allegations that Defendant's had a practice and policy was to avoid paying minimum and overtime wages as required by the Labor Code. The common questions apply to the Class in that they are all subject to the same policies, acts, and omissions of Defendant. Common questions of law and fact include:

    a) Whether Defendants' failure to pay Employees overtime wages for all hours worked in excess of eight (8) in a day violate Labor Code §§ 1194 *et seq*;

    b) Whether Defendants' failure to pay Employees overtime wages for all hours worked in excess of forty (40) in a week violate Labor Code §§ 1194 *et seq*;

    c) Whether Defendants' failure to pay Employees minimum wages for all hours worked in excess of eight (8) in a day violate Labor Code §§ 1194 *et seq*;

    d) Whether Defendant's various violations of the Labor Code serve as predicate violations of the UCL;

    e) Whether Defendants breached terms of the commission agreements;

    f) Whether Defendants made false promises to induce Employees to enter into employment and/or commission agreements;

    g) Whether Defendants intended that Employee rely on their false promises;

    h) Whether Employees did rely on Defendants' false promises;

    i) Whether Employees' reliance on Defendants' false promises were reasonable;

    j) Whether Employees were harmed by Defendants' false promises;

    k) Whether Defendants made false representations to induce Employees to enter into employment and/or commission agreements;

    l) Whether Defendants knew that their representations to Employees were false;

    m) Whether Defendants intended that Employee rely on their false representations;

    n) Whether Employees did rely on Defendants' false representations;

    o) Whether Employees' reliance on Defendants' false representations were reasonable; and

    p) Whether Employees were harmed by Defendants' false representations.

8

30.     At all relevant times, Defendant failed to compensate its Employees for hours worked as required by California law. Proof of a common or single set of facts will establish the right to each member of the Class to recover. Common questions of law and fact predominate over any questions affecting only individual Class members.

31.     Plaintiffs' claims are typical of those of the claims of the Class as a whole because the individual Plaintiffs are similarly affected by Defendant's policies, acts, and omissions.

32.     Plaintiffs are an adequate class representativs because she is directly affected by Defendants' acts and omissions. Plaintiffs have no interests that conflict with or are antagonistic to the interests of the Class.  Plaintiffs and their counsel are aware of their fiduciary responsibilities to the Class members and have experience in representing clients in class and individual actions involving employment rights.

33.     There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

34.     References to "Plaintiffs" below shall include each individual Plaintiffs and each member of the proposed Class, unless otherwise indicated.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LABOR CODE SECTION 1197

#### (All Plaintiffs Against All Defendants and DOES 1-50)

35.     Plaintiffs realleges and incorporate by reference paragraphs 1- 36, inclusive, of this complaint as through fully set forth herein.

36.     Plaintiffs are entitled to the applicable minimum wage for all hours worked.  Cal. Labor C. § 1197; *see* IWC Wage Order No. 4.  Plaintiffs are entitled to any higher minimum wage for work performed in cities with local minimum wage ordinances.

9

37.    In doing the things described herein, Defendants failed to pay Plaintiffs the minimum wage for all hours worked.  Defendants paid Plaintiffs for 40 hours worked per pay period regardless of its obligation to pay minimum wages for all the hours worked; and Defendants failed to pay any wages for all hours worked in excess of 40 in a week or 8 hours in a day. Defendant's compensation system does not exempt it from the Labor Code nor IWC Wage Order No. 4.

38.    As a result, Plaintiffs are entitled to unpaid wages, statutory liquidated damages, and expenses, in addition to interest, penalties, reasonable attorney's fees and costs.

39.    Plaintiffs were often required to work more than 5 days consecutively for an average of 52-80 hours per day.

40.    As a result of Defendants' policies, Plaintiffs are owed unpaid wages for all time worked in addition to liquidated damages, interest, penalties, and attorneys' fees and costs.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF**

**CAL. LABOR CODE SECTION 510**

**(Plaintiffs Against All Defendants and DOES 1-50)**

41.    Plaintiffs re-allege and incorporate paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42.    "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Labor C. § 510.

43.    In doing the things described herein, Defendants failed to pay Plaintiffs the for all hours overtime worked. Specifically, Defendants paid Plaintiffs for 40 hours worked regardless of its obligation to pay minimum wages for all the hours worked; and Defendants failed to pay any wages for all hours worked in excess of 40 in a week or 8 hours in a day.  Defendant's compensation system does not exempt it from the Labor Code nor IWC Wage Order No. 4.

10

44.     As a result, Plaintiffs are entitled to unpaid wages, statutory liquidated damages, and expenses, in addition to interest, penalties, reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

**(All Plaintiffs Against All Defendants and DOES 1-50)**

45.     Plaintiff realleges and incorporate by reference paragraphs 1-44, inclusive, of this complaint as through fully set forth herein.

46.     Plaintiffs and Defendants entered into employment and commission agreements which are contracts.

47.     Plaintiffs have performed all of their obligations, covenants, and conditions required under the agreements to trigger Defendants' obligations except to the extent any such obligations, covenants, or conditions have been excused, prevented, or waived by Defendants' own acts and omissions.

48.     Defendants breached the agreement as detailed above.  Specifically, Defendants failed to meet its obligation to pay wages and commissions earned by Plaintiffs under the terms of the employment and commission agreement; attempted to unilaterally alter the terms without Plaintiffs' knowledge or consent; and made deductions from Plaintiffs' earned wages.

49.     Plaintiffs have been damaged as a result of Defendants' breach(es) in an amount to be proven at trial.

50.     Plaintiffs seek all remedies available including specific performance and contractual damages.

### FOURTH CAUSE OF ACTION

### FRAUD – INTENTIONAL MISREPRESENTATION

**(All Plaintiffs against all Defendants and DOES 1-50)**

51.     Plaintiff hereby incorporates by reference, paragraphs 1-50, inclusive of this complaint as though fully set out herein.

52.     Defendants failed to provide any written notices or terms of the employment and

11

commission agreements which also violate labor code section 2751 (all commission agreements must be in writing). Plaintiffs were never provided with adequate explanation or training on their compensation. Defendants represented that Plaintiffs became ineligible for hourly employment and forced them to work as "commission only" employees. Defendants expected increased hours of work and production without offering any hourly compensation. Plaintiffs' were not properly paid commission or any other earned wages. Defendants induced Plaintiffs to continue performing their same hourly job duties under "commission only" compensation with the promise of being placed back at hourly rates.

53. Defendants' representations were false.

54. Defendants knew that Plaintiff were working over 40 hours in a week as hourly employees yet failed to pay any premium wages and prevented Plaintiffs from recording any hours worked in excess of 40 in a week. Defendants knew that the Plaintiffs were performing their same hourly employee job duties when they were forcibly switched to "commission only" employees. Defendants also knew that they were misleading employees with this false information; including the omission and failure to inform them that Defendants would require them to work more while compensating them less. Defendants never presented the commission agreements and terms to Plaintiffs in writing which Defendants knew did not allow them to adequately understand and agree to the commission terms. Defendants removed all hourly pay from Plaintiffs yet required them to continue the same work they had previously performed as hourly employees. Defendants knew this information but concealed it from each employee.

55. Defendants intended for Plaintiffs to rely on their representations as they were promised to be returned to hourly wages after working in commission-only positions. Defendants intended for Plaintiffs to rely on their promises in entering into the commission agreements and entering into and maintaining an employment relationship. In doing so, Defendants unilaterally changed Plaintiffs' compensation and titles without changing their job duties. Defendants vaguely informed Plaintiffs of the changes and promised them they could be returned to hourly based on their performance as "commission-only" employees.

12

56.     Plaintiffs reasonably relied on the representations of Defendants.

57.     Plaintiffs were harmed by: induced to accept sales positions with Defendants, and/or continuing working in sales positions instead of seeking employment elsewhere; deprived of thousands of dollars in monthly wages and commissions.

58.     Plaintiffs' reasonable reliance on Defendants' misrepresentations was a substantial factor in causing the harm suffered.

## FIFTH CAUSE OF ACTION

### FRAUD – FALSE PROMISE

#### (All Plaintiffs against all Defendants and DOES 1-50)

59.     Plaintiff hereby incorporates by reference, paragraphs 1-58, inclusive of this complaint as though fully set out herein.

60.     An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract. *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 973–974 (internal citations omitted.)

61.     Defendants failed to provide any written notices or terms of the employment and commission agreements which also violate labor code section 2751 (all commission agreements must be in writing). Plaintiffs were never provided with adequate explanation or training on their compensation. Defendants represented that Plaintiffs became ineligible for hourly employment and forced them to work as "commission only" employees. Defendants expected increased hours of work and production without offering any hourly compensation. Plaintiffs' were not properly paid commission or any other earned wages. Defendants induced Plaintiffs to continue performing their same hourly job duties under "commission only" compensation with the promise of being placed back at hourly rates.

62.     Defendants did not intend to perform on their promises; made binding by the employment and commission agreements. Defendants, in fact, operated a system that paid Plaintiffs a maximum of 40 hours per week despite that fact that they actually worked in excess of 40 hours a week on a regular basis entitling them to overtime wages. Defendants then forced

13

Plaintiffs to transition from hourly to "commission only" status while increasing their work hours.

63.    Defendants intended for Plaintiffs to rely on their promises in entering into the commission agreements and entering into and maintaining an employment relationship.

64.    Plaintiffs reasonably relied on the representation of Defendants.

65.    Defendants did not perform by failing to adhere to the terms of the employment and commission agreements and failing to pay all wages and commissions earned.

66.    Plaintiffs were harmed by: induced to accept sales positions with Defendants, and/or continuing working in sales positions instead of seeking employment elsewhere; deprived of thousands of dollars in monthly commissions.

67.    Plaintiffs' reasonable reliance on Defendants' promises was a substantial factor in causing the harm suffered.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATION OF CAL. LABOR CODE SECTION 2751 (PAGA PENALTIES)**

**(All Plaintiffs Against All Defendants and DOES 1-50)**

68.    Plaintiffs re-allege and incorporate paragraphs 1 through 67, inclusive, of this Complaint as though fully set forth herein.

69.    In doing the above things, Defendants violated California Labor Code Section 2751 which requires that whenever an employer enters into a contract of employment with an employee, the employer must provide a written contract to the employee if the employee's payment involves commissions for services rendered in California. Cal. Lab. Code § 2751(a). In addition, Defendants violated the provision that an employer must then give a "signed" copy of the contract to the employee and obtain a receipt for the contract from the employee. *Id.* at subd. (b).

70.    Under the Private Attorney General Act ("PAGA"), a plaintiff may seek civil penalties in the sum of $100 per pay period for an initial violation of certain sections of the California Labor Code, and $200 per pay period for each subsequent violation. Cal. Labor Code § 2699(f)(1)-(2).

14

71.    As a result, Plaintiffs are entitled to PAGA penalties of $100.00 per employee per pay period for each <u>initial</u> violation and $200.00 per employee per pay period for each subsequent violation.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq.***

**(All Plaintiffs Against All Defendants and DOES 1-50)**

72.    Plaintiffs re-allege and incorporate paragraphs 1 through 71, inclusive, of this Complaint as though fully set forth herein.

73.    By the conduct described above, Defendant has violated the provisions of the Labor Code, and the Unfair Competition Law, codified at Business & Professions Code Sections 17200 *et seq.* by engaging in unfair, unlawful, and oppressive activity.

74.    Defendant generated income, reduced its employee costs, and enjoyed higher stock prices as a direct result of the above-mentioned unlawful and unfair business practices.  Plaintiffs and the Class are therefore entitled to restitution of any and all monies received by Defendant while engaged in such practices.

75.    As a result, Plaintiffs are entitled to restitution of their unpaid commissions, costs, and expenses in addition to interest, penalties, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all Class members and/or other persons similarly situated, respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

a.  For all wages due and owing;

b.  For statutory liquidated damages;

c.  For statutory waiting time penalties;

d.  For restitution of unpaid costs and expenses pursuant to Business & Professions Code Sections 17200 *et seq.*;

15

1    e.  For interest at the maximum legal rate;

2    f.  For attorney's fees authorized by statute;

3    g.  For PAGA penalties of $100.00 per employee per pay period for each <u>initial</u> violation of

4        Labor Code section 2751 and $200.00 per employee per pay period for each subsequent

5        violation thereof;

6    h.  For costs of suit incurred herein; and

7    i.  For such other and further relief as the Court may deem just and proper.

8

9    DATED: March 7, 2019                    BENJAMIN LAW GROUP P.C.

10

11

12

13                                          ALLYSSA VILLANUEVA, ESQ.
                                            Attorneys for Plaintiffs
14

15                                          **YOSHIRA BARAJAS, and NACHAE**
                                            **WILLIAMS,** individually and on behalf of
16                                          others similarly situated

17

18

19

20

21

22

23

24

25

26

27

28
                                        16

### DEMAND FOR JURY TRIAL

Plaintiffs hereby requests a jury trial on all claims so triable.


DATED: March 7, 2019                          BENJAMIN LAW GROUP P.C.

                                              _____

                                              ALLYSSA VILLANUEVA, ESQ.
                                              Attorneys for Plaintiffs

                                              **YOSHIRA BARAJAS, and NACHAE
                                              WILLIAMS,** individually and on behalf of
                                              others similarly situated

17

Benjamin Law Group, PC
Attn: Benjamin, Na'll
1290 B Street, Suite 314
Hayward, CA  94541

Carriage Cemetery Services of
California, Inc., a California
corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | | |
|---|---|---|
| Barajas | | No. RG19010306 |
| | Plaintiff/Petitioner(s) | |
| vs. | | |
| | | NOTICE OF HEARING |
| Carriage Cemetery Services of California, Inc., a | | |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/17/2019    TIME: 09:00 AM    DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 05/16/2019    TIME: 09:01 AM    DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 03/12/2019                          Chad Finke, Executive Officer / Clerk of the Superior Court

                                           By _____
                                                                              Deputy Clerk

---

CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/13/2019.

                                           By _____
                                                                              Deputy Clerk

03/08/2019 3:20 PM      15104392632      → 15102675739      pg 19 of 24

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br>Na'il Benjamin, Esq. (SBN 240345); Allyssa Villanueva, Esq (SBN 312935) <br>BENJAMIN LAW GROUP <br>1290 B Street, Ste. 314 <br>Hayward CA 94541 <br>TELEPHONE NO.: 510-897-9967    FAX NO.: 510-439-2632 <br>ATTORNEY FOR *(Name):* Plaintiff Yoshira Barajas, Nachae Williams | **FOR COURT USE ONLY** <br><br>**FILED BY FAX** <br>ALAMEDA COUNTY <br><br>March 08, 2019 <br><br>CLERK OF <br>THE SUPERIOR COURT <br>By Burt Moskaira, Deputy <br><br>CASE NUMBER: <br>**RG19010306** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1221 Oak St.
MAILING ADDRESS: 1221 Oak St.
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Yoshira Barajas, et. al. v. Carriage Cemetery Services, et. al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited** <br>(Amount <br>demanded <br>exceeds $25,000) | [ ] **Limited** <br>(Amount <br>demanded is <br>$25,000 or less) | [ ] **Counter**   [ ] **Joinder** <br><br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) <br> [ ] Other collections (09) <br> [ ] Insurance coverage (18) <br> [ ] Other contract (37) | [ ] Antitrust/Trade regulation (03) <br> [ ] Construction defect (10) <br> [ ] Mass tort (40) <br> [ ] Securities litigation (28) <br> [ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> [ ] Asbestos (04) <br> [ ] Product liability (24) <br> [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | **Real Property** <br> [ ] Eminent domain/Inverse <br> condemnation (14) <br> [ ] Wrongful eviction (33) <br> [ ] Other real property (26) | [ ] Insurance coverage claims arising from the <br> above listed provisionally complex case <br> types (41) |
| **Non-PI/PD/WD (Other) Tort** <br> [ ] Business tort/unfair business practice (07) <br> [ ] Civil rights (08) <br> [ ] Defamation (13) <br> [ ] Fraud (16) <br> [ ] Intellectual property (19) <br> [ ] Professional negligence (25) <br> [ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> [ ] Commercial (31) <br> [ ] Residential (32) <br> [ ] Drugs (38) <br> **Judicial Review** <br> [ ] Asset forfeiture (05) <br> [ ] Petition re: arbitration award (11) <br> [ ] Writ of mandate (02) | **Enforcement of Judgment** <br> [ ] Enforcement of judgment (20) <br> **Miscellaneous Civil Complaint** <br> [ ] RICO (27) <br> [ ] Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> [ ] Partnership and corporate governance (21) |
| **Employment** <br> [ ] Wrongful termination (36) <br> [✓] Other employment (15) | [ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* SEVEN
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 8, 2019 ▶ *(signature)*
   ALLYSSA VILLANUEVA
   (TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10 <br>www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*)<br><br>　　　TELEPHONE NO.:　　　　　　　　　　FAX NO. (*Optional*):<br>　　E-MAIL ADDRESS (*Optional*):<br>　　　ATTORNEY FOR (*Name*): | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**<br>　　　STREET ADDRESS:<br>　　　MAILING ADDRESS:<br>　　CITY AND ZIP CODE:<br>　　　BRANCH NAME |

| |
|---|
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: |

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

　　Date:　　　　　　　　　　　Time:　　　　　　　　　　　Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

　☐ Court mediation　　　　　☐ Judicial arbitration

　☐ Private mediation　　　　☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

　a. No party to the case has requested a complex civil litigation determination hearing;
　b. All parties have been served and intend to submit to the jurisdiction of the court;
　c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
　d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
　e. Case management statements are submitted with this stipulation;
　f. All parties will attend ADR conferences; and,
　g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____　　▶　_____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　(SIGNATURE OF PLAINTIFF)

Date:

_____　　▶　_____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　(SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court,<br>rule 3.221(a)(4) |

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Fax Server          3/8/2019 5:01:28 PM  PAGE  1/001   Fax Server

03/08/2019 3:20 PM        15104392632        → 15102675759                pg 21 of 24

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., a
California Corporation (Add'l parties Attachment Form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YOSHIRA BARAJAS, individually and on behalf of others similarly
situated (Add'l parties Attachment Form is attached)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY

March 08, 2019

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court
1221 Oak St. Oakland, CA 94612

CASE NUMBER:
*(Número de Caso):*
RG19010306

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nail Benjamin; 1290 B St., Ste. 314 Hayward, CA 94541; (510) 8_____

DATE: March 08, 2019                    Clerk, by _____, Deputy
*(Fecha)*                               *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Carriage Cemetary Services of California, Inc., a California Corporation
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Barajas v. Carriage Services of California, Inc., et. al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC., a California Corporation; and, DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Barajas v. Carriage Services of California, Inc., et. al. | |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

and NACHAE WILLIAMS, individually and on behalf of others similarly situated

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
#### Attachment to Summons

Fax Server          3/8/2019 5:01:28 PM   PAGE   1/001   Fax Server

03/08/2019 3:20 PM        15104392632        → 15102675739                    pg 21 of 24

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., a
California Corporation (Add'l parties Attachment Form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
YOSHIRA BARAJAS, individually and on behalf of others similarly
situated (Add'l parties Attachment Form is attached)

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>FILED BY FAX<br>ALAMEDA COUNTY<br>March 08, 2019<br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaura, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda Superior Court<br>1221 Oak St, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG19010306 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nail Benjamin, 1290 B St., Ste. 314 Hayward, CA 94541; (510) 8

| DATE:<br>*(Fecha)* March 08, 2019 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Carriage Funeral Services of California, Inc. a California Corporation.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: Barajas v. Carriage Services of California, Inc., et. al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☑ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC., a California Corporation; and, DOES 1 through 50, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE: Barajas v. Carriage Services of California, Inc., et. al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

and NACHAE WILLIAMS, individually and on behalf of others similarly situated

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons