# Exhibit B

1   NA'IL BENJAMIN, ESQ. (SBN 240354)
2   ALLYSSA VILLANUEVA, ESQ. (SBN 312935)
    BENJAMIN LAW GROUP, P.C.
3   1290 B Street, Suite 314
    Hayward, California 94541
4   Telephone: (510) 897-9967
    Facsimile:  (510) 439-2632
5   nbenjamin@benjaminlawgroup.com
    allyssa@benjaminlawgroup.com
6
7   Attorneys for Plaintiff
    **YOSHIRA BARAJAS; HENRY GRANT;**
8   **NACHAE WILLIAMS; and BURIEL**
    **DENISE WILLIAMS DAVIS,** each
9   individually and on behalf of others similarly
    situated
10

FILED BY FAX
ALAMEDA COUNTY

April 10, 2019

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
**RG19010306**

11              **SUPERIOR COURT OF CALIFORNIA**

12            **IN AND FOR THE COUNTY OF ALAMEDA**

13   **YOSHIRA BARAJAS;** individually and on          Case No.:  RG19010306
14   behalf of others similarly situated; **HENRY**
     **GRANT,** individually and on behalf of others   **FIRST AMENDED COMPLAINT**
15   similarly situated; **NACHAE WILLIAMS,**          **CLASS AND REPRESENTATIVE**
     individually and on behalf of others similarly    **ACTION FOR:**
16   situated; and **BURIEL DENISE**
     **WILLIAMS DAVIS,** individually and on
17   behalf of others similarly situated               **(1) Failure to Pay Minimum Wages in**
                                                        **Violation of Cal. Labor Code Section**
18                                                      **1197;**
                        Plaintiffs,
19                                                      **(2) Failure to Pay Premium Wages in**
              v.                                        **Violation of Cal. Labor Code Section**
20                                                      **510;**

21   **CARRIAGE CEMETERY SERVICES OF**                 **(3) Breach of Contract;**
     **CALIFORNIA, INC.,** a California
22   Corporation; **CARRIAGE FUNERAL**                 **(4) Fraud – Intentional**
     **SERVICES OF CALIFORNIA, INC.,** a               **Misrepresentation;**
23   California Corporation; and, DOES 1 through
     50, inclusive,                                     **(5) Fraud – False Promise;**
24
                                                        **(6) Violation of Cal. Labor Code**
25                      Defendants.                     **Section 2751 (PAGA penalties); and**

26                                                      **(7)  Violation of Cal. Business &**
                                                        **Professions Code Sections 17200** *et seq.*
27
                                                        **DEMAND FOR JURY TRIAL**
28

**INTRODUCTION**

1.     Individual and representative plaintiffs, YOSHIRA BARAJAS, HENRY GRANT, NACHAE WILLIAMS, and BURIEL DENISE WILLIAMS DAVIS (collectively "Plaintiffs") each individually and on behalf of others similarly situated  bring this class and representative action on behalf of themselves and all persons who were employed ("Employees") in California by Defendant CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC, CARRIAGE SERVICES, INC., and CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC. and DOES 1-50, inclusive (collectively "**Defendants**") from the date four years prior to the filing date of the original Complaint through the entry of judgment.

2.     On information and belief, Defendants jointly control the terms and conditions of employment for employees working at one or more of the numerous California properties they own.  Defendants jointly and severally manage and control payroll functions, human resources functions, staffing and personnel functions, sales licensing functions, and/or other key aspects of Plaintiffs' terms and conditions of employment.  Defendants are deemed joint employers under the California Labor Code

3.     At times, some Plaintiffs were paid an hourly wage intended to reflect the minimum wage requirements.  At other times, some Plaintiffs were not paid any wages at all for any of the work they performed.  Plaintiffs were not salaried employees, or otherwise paid as exempt employees.

4.     Defendants violate the labor code by requiring its Employees and Plaintiffs to work in excess of 8 hours per day and/or in excess of 40 hours per week without any compensation.  Furthermore, the compensation Employees and Plaintiffs did receive when calculated to cover the hours actually worked, results in a rate of pay below the legal minimum wage.  Due to the nature of Plaintiffs' job duties; including the scheduling of appointments, returning phone calls, and following up with potential sales opportunities after working eight hours in a day, or 40 hours in a week, Defendants knew that Plaintiffs worked overtime without

2

FIRST AMENDED COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.
Case No.: RG19010306

1  compensation. Defendant failed to pay Plaintiffs and its Employees as required by California

2  law. Plaintiffs also allege that these acts, which violate the California Labor Code, constitute

3  unlawful and unfair business practices in violation of California's Unfair Competition Law under

4  Business and Professions Code sections 17200 *et seq.* ("UCL"). Plaintiffs also claim civil

5  waiting time penalties and interest for the above acts, and upon proof of Defendants' failures to

6  pay minimum wage and overtime as required under California law. Plaintiffs further seek PAGA

7  penalties for failure to provide written commission agreements; failure to obtain written consent

8  to commission agreements; and failure to provide employees with copies of commission

9  agreements in violation of Cal. Labor Code section 2751. Plaintiffs, on behalf of themselves and

10  all class members, also seek attorneys' fees and costs, prejudgment interest, penalties and other

11  relief the court may deem appropriate.

12        5.      The "Class Period" is designated as the time from four years prior to filing the

13  initial Complaint through the date of trial based upon the allegations that the violations of the

14  Labor Code and the UCL have been ongoing since at least four years prior to the date of this

15  Complaint and are continuing.

16

17  **JURISDICTION AND VENUE**

18        6.      Jurisdiction is proper because Defendants operated as employers in the State of

19  California. This Court has jurisdiction over the Labor Code claims for unpaid wages pursuant to

20  Labor Code sections 510 and 1194.

21        7.      Venue in Alameda County is appropriate under California Code of Civil Procedure

22  section 395(a) because the unlawful practices alleged herein were committed in the County of

23  Alameda, at least one Plaintiff is a resident of Alameda County, and Plaintiffs performed job

24  duties in Alameda County.

25

26

27                                               3

28  <u>**FIRST AMENDED**</u> COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.
Case No.: RG19010306

## PARTIES

### I.   Individual Plaintiffs

8.    Plaintiff YOSHIRA BARAJAS ("Ms. Barajas") was an employee of Defendants at all relevant times and performed job duties throughout Alameda County.

9.    Plaintiff Henry Grant ("Mr. Grant") is and was a resident of Alameda County at all relevant times.  Mr. Grant was an employee of Defendants and performed job duties throughout Alameda County.

10.    Plaintiff Nachae Williams ("Ms. Williams") is and was a California employee that performed job duties in Oakland, CA in public locations like Jack London Square, and other public locations in Alameda County while working without compensation in violation of California Labor Codes.

11.    Plaintiffs Buriel Denise William Davis ("Ms. Davis") was an employee of Defendants at all relevant times and performed job duties through Alameda County.

### II.   Defendant

12.    On information and belief, Defendants CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC. and CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC. (collectively "Carriage") is registered to do business in California and employs citizens under the laws of the State of California. Carriage owns, operates, controls, and/or manages employing entities throughout California, and employs, controls, and/or directs the employment duties of California employees to suffer harm as alleged herein in Contra Costa County, Alameda County, as well as other surrounding counties.  Carriage does business in California providing funeral and burial related services in the names of various cemeteries including "Carriage Funeral Services of California, Inc." and "Carriage Cemetery Services of California, Inc."

13.    Upon information and belief, all Defendants are joint employers and a joint corporation operating and employing California citizens under the laws of the state of California

4

1   throughout the state of California.

2       14.     Defendants DOES 1-50 are sued herein under fictitious names.  Their true names

3   and capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs.

4   Plaintiffs are informed and believe and based thereon allege that each of the Defendants sued

5   herein as a Doe is responsible in some manner for the events and happenings herein set forth and

6   proximately caused injury and damages, and any reference to "Defendant" shall mean

7   "Defendants, and each of them."  Plaintiffs will amend this Complaint to show their true names

8   and capacities when they have been ascertained.

9                                **FACTUAL BACKGROUND**

10      15.     Ms. Barajas was employed by Defendant starting in or around 2016 and until she

11  was forced to quit in or around mid-2018 due to unfair working conditions. Before being hired,

12  Ms. Barajas received an offer letter that purported to be a written commission agreement.  Ms.

13  Barajas was hired as a sales counselor.  As a sales counselor, Ms. Barajas's job duties included

14  meeting with clients, making and receiving phone calls with clients, attending local events to

15  prospect for sales, and closing business deals.

16      16.     Defendants paid Ms. Barajas $15.00 per hour.. However, Ms. Barajas worked an

17  average of 52 to 58 hours per week, including nights and weekends, and sometimes worked seven

18  days a week.  Despite her hours worked, Defendants only paid Ms. Barajas for 40 hours at the

19  rate of $15.00 per hour.  Ms. Barajas and other employees used a time punch card but were not

20  allowed to record hours beyond eight hours in a day.

21      17.     Ms. Barajas was paid by pre-loaded card and was not provided with wage

22  statements.

23      18.     In or around the end of 2016, Defendants increased Ms. Barajas's rate of pay to

24  $17.00/ per hour.  However, after around three weeks at this rate of pay, Defendants informed her

25  that she had not sold enough to continue at the $17.00/hour rate.

26      19.     Instead of returning Ms. Barajas to her $15.00/hour rate of pay, Defendants

27                                        5

28  **FIRST AMENDED** COMPLAINT FOR DAMAGES
    BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.
    Case No.: RG19010306

transitioned Ms. Barajas to be a commission-only sales person. Defendants promised her that if she made enough sales she would be returned to her hourly position. Ms. Barajas was never given anything explaining, authorizing, or documenting her change in title and pay. However, she had the same job duties, and some of those duties increased.

20.     Ms. Barajas frequently asked her supervisor to explain her job position and compensation system but was never fully informed.

21.     As a commission-only sales person, Ms. Barajas was not paid at all unless she made a sale. Ms. Barajas worked 7 days a week and an average of 70-80 hours per week. She was not compensated for any hours worked. Ms. Barajas was never informed of how many sales would be sufficient to return her to an hourly position.

22.     In mid-2018, Ms. Barajas forced to resign after being unpaid for over a year and half despite working 70-80 hours per week.

23.     These experiences were a part of a regular and common pattern and practice at Defendants' California properties. Each named Plaintiffs, and potential class member, experienced the same types of factual circumstances relating to their job duties and compensation.

24.     Plaintiff Buriel Denise Davis Williams began as an hourly employee in or around November 2014. Defendant paid Ms. Davis between $9.00 and $10.00 per hour for her initial three months of employment.

25.     After around three months of employment, Defendant unilaterally changed Ms. Davis to a commission-only employee. Ms. Davis's maintained the same job duties and continued to work overtime without compensation.

26.     Ms. Davis worked between 48 and 54 hours per week. She was never paid overtime for any hours worked over 8 in a day and/or 40 in a week.

27.     Ms. Davis worked for up to six months without compensation.

28.     Ms. Davis voluntarily separated employment in or around September 2016 due to no or low compensation despite working 45-58 hours per week.

6

29.     Mr. Grant and Ms. Williams suffered a fate similar to Ms. Barajas and Ms. Davis. They were employed between 2015 and 2017 before leaving due to the mounting unpaid wages and the financial difficulties caused by being required to work for free.

30.     Like Ms. Barajas and Ms. Davis, Mr. Henry and Ms. Williams did not receive minimum wage or overtime to ensure they were paid for all hours worked.

31.     The true terms and conditions of Plaintiffs' commission compensation was not provided in a signed written commission agreement.

32.     Plaintiffs' total compensation amounts to less than the applicable minimum wage for all hours worked.

33.     Moreover, Defendants breached any document they contend constitutes a writtnn commission agreement.  The true terms and conditions of Plaintiffs' commission compensation was not reflected in a signed written commission agreement, and Defendants failed to pay Plaintiffs as agreed in the offer letter which formed the basis of the employment agreement between the Parties.

34.     To date, Defendants have refused to, and failed to, pay Plaintiffs for all hours worked.

35.     As a result of Defendants conduct, Plaintiffs suffered unpaid wages and related financial hardships.

36.     Plaintiffs believe there are 50-250 potential class members that suffered this same mistreatment due to Defendants' compensation plan that did not include overtime payments for certain sales employees, and that required certain sales employees to work as "Commission-Only" employees without any compensation for their hourly work performed.

**CLASS AND REPRESENTATIVE ACTION**

37.     Plaintiffs brings this action individually, on behalf of the general public, and on behalf of all others similarly situated within the class of all former and current employees ("Employees") employed by Defendants within the State of California within four years of the

7

filing of the original Complaint until the entry of judgment. The Class Plaintiffs seek to represent is defined as:

> All former and current employees ("Class Members") employed by Defendants within the State of California within four years of the filing of this Complaint until the entry of judgment after trial, that were denied the compensation guaranteed under the California Labor Code, and/or subjected to unlawful treatment with respect to the terms of compensation set forth in their offer letters.

Plaintiffs also propose that the Class will be subdivided into six (6) sub-classes consisting of:

> (1) all Class members that were not paid the minimum wage for all hours worked as required by California law;

> (2) all Class members that were not paid overtime wages for all hours;

> (3) all Class members that were subject to breach(es) to their compensation agreement by Defendants;

> (4) all Class members that were subjected to and reasonably relied on Defendant's misrepresentations regarding their compensation agreements;

> (5) all Class members that were subjected to and reasonably relied on Defendant's false promises in entering into compensation agreements; and

> (6) all Class members that were denied the right to a signed written commission agreement

Membership in one subclass is not mutually exclusive of membership in the other subclass. Plaintiffs believe that many or most Class members are members of both subclasses.

38.    The persons in the Class, and in each subclass, are so numerous that joinder is impracticable, and the disposition of these claims in a class action rather than in individual actions will benefit the parties and the Court. The similarly situated employees are known to Carriage and readily identifiable through Carriage's own records. On information and belief, the Class consists of more than 50 people. Plaintiffs further allege, based on information and belief, that there is not less than 5 people in each subclass.

39.    There is a well-defined community of interest in common questions of law and

8

fact.  Common questions of law and fact include questions raised by the individual Plaintiffs' allegations that Defendant's had a practice and policy was to avoid paying minimum and overtime wages as required by the Labor Code.  The common questions apply to the Class in that they are all subject to the same policies, acts, and omissions of Defendant. Common questions of law and fact include, but are not limited to:

    a) Whether Defendants' failure to pay Employees overtime wages for all hours worked in excess of eight (8) in a day violate Labor Code §§ 1194 *et seq*;

    b) Whether Defendants' failure to pay Employees overtime wages for all hours worked in excess of forty (40) in a week violate Labor Code §§ 1194 *et seq*;

    c) Whether Defendants' failure to pay Employees minimum wages for all hours worked in excess of eight (8) in a day violate Labor Code §§ 1194 *et seq*;

    d) Whether Defendant's various violations of the Labor Code serve as predicate violations of the UCL;

    e) Whether Defendants breached terms of the commission agreements;

    f) Whether Defendants made false promises to induce Employees to enter into employment and/or commission agreements;

    g) Whether Defendants intended that Employee rely on their false promises;

    h) Whether Employees did rely on Defendants' false promises;

    i) Whether Employees' reliance on Defendants' false promises were reasonable;

    j) Whether Employees were harmed by Defendants' false promises;

    k) Whether Defendants made false representations to induce Employees to enter into employment and/or commission agreements;

    l) Whether Defendants knew that their representations to Employees were false;

    m) Whether Defendants intended that Employee rely on their false representations;

    n) Whether Employees did rely on Defendants' false representations;

    o) Whether Employees' reliance on Defendants' false representations were

9

1        reasonable; and

2            p)   Whether Employees were harmed by Defendants' false representations.

3        40.    At all relevant times, Defendant failed to compensate its Employees for hours

4    worked as required by California law. Proof of a common or single set of facts will establish the

5    right to each member of the Class to recover. Common questions of law and fact predominate

6    over any questions affecting only individual Class members.

7        41.    Plaintiffs' claims are typical of those of the claims of the Class as a whole because

8    the individual Plaintiffs are similarly affected by Defendant's policies, acts, and omissions.

9        42.    Plaintiffs are an adequate class representativs because she is directly affected by

10   Defendants' acts and omissions. Plaintiffs have no interests that conflict with or are antagonistic

11   to the interests of the Class.  Plaintiffs and their counsel are aware of their fiduciary

12   responsibilities to the Class members and have experience in representing clients in class and

13   individual actions involving employment rights.

14       43.    There is no plain, speedy, or adequate remedy other than by maintenance of this

15   class action.  The prosecution of individual remedies by members of the Class will tend to

16   establish inconsistent standards of conduct for the Defendants and result in the impairment of

17   Class members' rights and the disposition of their interests through actions to which they were

18   not parties.

19       44.    References to "Plaintiffs" below shall include each individual Plaintiffs and each

20   member of the proposed Class, unless otherwise indicated.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LABOR CODE

### SECTION 1197

#### (All Plaintiffs Against All Defendants and DOES 1-50)

21       45.    Plaintiffs realleges and incorporate by reference paragraphs 1-44, inclusive, of this

26   complaint as through fully set forth herein.

                                        10

46.    Plaintiffs are entitled to the applicable minimum wage for all hours worked. Cal. Labor C. § 1197; *see* IWC Wage Order No. 4. Plaintiffs are entitled to any higher minimum wage for work performed in cities with local minimum wage ordinances.

47.    In doing the things described herein, Defendants failed to pay Plaintiffs the minimum wage for all hours worked. Defendants paid Plaintiffs for 40 hours worked per pay period regardless of its obligation to pay minimum wages for all the hours worked; and Defendants failed to pay any wages for all hours worked in excess of 40 in a week or 8 hours in a day. Defendant's compensation system does not exempt it from the Labor Code nor IWC Wage Order No. 4.

48.    As a result, Plaintiffs are entitled to unpaid wages, statutory liquidated damages, and expenses, in addition to interest, penalties, reasonable attorney's fees and costs.

49.    Plaintiffs were often required to work more than 5 days consecutively for an average of 52-80 hours per day.

50.    As a result of Defendants' policies, Plaintiffs are owed unpaid wages for all time worked in addition to liquidated damages, interest, penalties, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

### CAL. LABOR CODE SECTION 510

### (Plaintiffs Against All Defendants and DOES 1-50)

51.    Plaintiffs re-allege and incorporate paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth herein.

52.    "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Labor C. § 510.

53.    In doing the things described herein, Defendants failed to pay Plaintiffs the for all

11

hours overtime worked. Specifically, Defendants paid Plaintiffs for 40 hours worked regardless of its obligation to pay minimum wages for all the hours worked; and Defendants failed to pay any wages for all hours worked in excess of 40 in a week or 8 hours in a day. Defendant's compensation system does not exempt it from the Labor Code nor IWC Wage Order No. 4.

54.    As a result, Plaintiffs are entitled to unpaid wages, statutory liquidated damages, and expenses, in addition to interest, penalties, reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

### (All Plaintiffs Against All Defendants and DOES 1-50)

55.    Plaintiff realleges and incorporate by reference paragraphs 1-54, inclusive, of this complaint as through fully set forth herein.

56.    Plaintiffs and Defendants entered into employment and commission agreements which are contracts.

57.    Plaintiffs have performed all of their obligations, covenants, and conditions required under the agreements to trigger Defendants' obligations except to the extent any such obligations, covenants, or conditions have been excused, prevented, or waived by Defendants' own acts and omissions.

58.    Defendants breached the agreement as detailed above. Specifically, Defendants failed to meet its obligation to pay wages and commissions earned by Plaintiffs under the terms of the employment and commission agreement; attempted to unilaterally alter the terms without Plaintiffs' knowledge or consent; and made deductions from Plaintiffs' earned wages.

59.    Plaintiffs have been damaged as a result of Defendants' breach(es) in an amount to be proven at trial.

60.    Plaintiffs seek all remedies available including specific performance and contractual damages.

12

**FIRST AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.
Case No.: RG19010306

## FOURTH CAUSE OF ACTION

### FRAUD – INTENTIONAL MISREPRESENTATION

### (All Plaintiffs against all Defendants and DOES 1-50)

61.　　Plaintiff hereby incorporates by reference, paragraphs 1-60, inclusive of this complaint as though fully set out herein.

62.　　Defendants failed to provide any written notices or terms of the employment and commission agreements which also violate labor code section 2751 (all commission agreements must be in writing). Plaintiffs were never provided with adequate explanation or training on their compensation. Defendants represented that Plaintiffs became ineligible for hourly employment and forced them to work as "commission only" employees. Defendants expected increased hours of work and production without offering any hourly compensation. Plaintiffs' were not properly paid commission or any other earned wages. Defendants induced Plaintiffs to continue performing their same hourly job duties under "commission only" compensation with the promise of being placed back at hourly rates.

63.　　Defendants' representations were false.

64.　　Defendants knew that Plaintiff were working over 40 hours in a week as hourly employees yet failed to pay any premium wages and prevented Plaintiffs from recording any hours worked in excess of 40 in a week. Defendants knew that the Plaintiffs were performing their same hourly employee job duties when they were forcibly switched to "commission only" employees. Defendants also knew that they were misleading employees with this false information; including the omission and failure to inform them that Defendants would require them to work more while compensating them less. Defendants never presented the commission agreements and terms to Plaintiffs in writing which Defendants knew did not allow them to adequately understand and agree to the commission terms. Defendants removed all hourly pay from Plaintiffs yet required them to continue the same work they had previously performed as hourly employees. Defendants knew this information but concealed it from each employee.

13

FIRST AMENDED COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.
Case No.: RG19010306

65.     Defendants intended for Plaintiffs to rely on their representations as they were promised to be returned to hourly wages after working in commission-only positions.  Defendants intended for Plaintiffs to rely on their promises in entering into the commission agreements and entering into and maintaining an employment relationship.   In doing so, Defendants unilaterally changed Plaintiffs' compensation and titles without changing their job duties.  Defendants vaguely informed Plaintiffs of the changes and promised them they could be returned to hourly based on their performance as "commission-only" employees.

66.     Plaintiffs reasonably relied on the representations of Defendants.

67.     Plaintiffs were harmed by: induced to accept sales positions with Defendants, and/or continuing working in sales positions instead of seeking employment elsewhere; deprived of thousands of dollars in monthly wages and commissions.

68.     Plaintiffs' reasonable reliance on Defendants' misrepresentations was a substantial factor in causing the harm suffered.

## FIFTH CAUSE OF ACTION

### FRAUD – FALSE PROMISE

**(All Plaintiffs against all Defendants and DOES 1-50)**

69.     Plaintiff hereby incorporates by reference, paragraphs 1-68, inclusive of this complaint as though fully set out herein.

70.     An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract. *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 973–974 (internal citations omitted.)

71.     Defendants failed to provide any written notices or terms of the employment and commission agreements which also violate labor code section 2751 (all commission agreements must be in writing).  Plaintiffs were never provided with adequate explanation or training on their compensation.  Defendants represented that Plaintiffs became ineligible for hourly employment and forced them to work as "commission only" employees.  Defendants expected increased hours

14

1   of work and production without offering any hourly compensation. Plaintiffs' were not properly

2   paid commission or any other earned wages. Defendants induced Plaintiffs to continue

3   performing their same hourly job duties under "commission only" compensation with the promise

4   of being placed back at hourly rates.

5       72.    Defendants did not intend to perform on their promises; made binding by the

6   employment and commission agreements. Defendants, in fact, operated a system that paid

7   Plaintiffs a maximum of 40 hours per week despite that fact that they actually worked in excess of

8   40 hours a week on a regular basis entitling them to overtime wages. Defendants then forced

9   Plaintiffs to transition from hourly to "commission only" status while increasing their work hours.

10      73.    Defendants intended for Plaintiffs to rely on their promises in entering into the

11  commission agreements and entering into and maintaining an employment relationship.

12      74.    Plaintiffs reasonably relied on the representation of Defendants.

13      75.    Defendants did not perform by failing to adhere to the terms of the employment

14  and commission agreements and failing to pay all wages and commissions earned.

15      76.    Plaintiffs were harmed by: induced to accept sales positions with Defendants,

16  and/or continuing working in sales positions instead of seeking employment elsewhere; deprived

17  of thousands of dollars in monthly commissions.

18      77.    Plaintiffs' reasonable reliance on Defendants' promises was a substantial factor in

19  causing the harm suffered.

20          **SIXTH CAUSE OF ACTION**

21    **VIOLATION OF CAL. LABOR CODE SECTION 2751 (PAGA PENALTIES)**

22      **(All Plaintiffs Against All Defendants and DOES 1-50)**

23      78.    Plaintiffs re-allege and incorporate paragraphs 1 through 77, inclusive, of this

24  Complaint as though fully set forth herein.

25      79.    In doing the above things, Defendants violated California Labor Code Section

26  2751 which requires that whenever an employer enters into a contract of employment with an

27                        15

28

1  employee, the employer must provide a written contract to the employee if the employee's

2  payment involves commissions for services rendered in California. Cal. Lab. Code § 2751(a). In

3  addition, Defendants violated the provision that an employer must then give a "signed" copy of

4  the contract to the employee and obtain a receipt for the contract from the employee. *Id*. at subd.

5  (b).

6      80.    Under the Private Attorney General Act ("PAGA"), a plaintiff may seek civil

7  penalties in the sum of $100 per pay period for an initial violation of certain sections of the

8  California Labor Code, and $200 per pay period for each subsequent violation. Cal. Lab. Code §

9  2699(f)(1)-(2).

10     81.    As a result, Plaintiffs are entitled to PAGA penalties of $100.00 per employee per

11  pay period for each <u>initial</u> violation and $200.00 per employee per pay period for each subsequent

12  violation.

13                              **<u>SEVENTH CAUSE OF ACTION</u>**

14  **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUSINESS &**

15                **PROFESSIONS CODE SECTION 17200 *et seq.***

16              **(All Plaintiffs Against All Defendants and DOES 1-50)**

17     82.    Plaintiffs re-allege and incorporate paragraphs 1 through 81, inclusive, of this

18  Complaint as though fully set forth herein.

19     83.    By the conduct described above, Defendant has violated the provisions of the

20  Labor Code, and the Unfair Competition Law, codified at Business & Professions Code Sections

21  17200 *et seq.* by engaging in unfair, unlawful, and oppressive activity.

22     84.    Defendant generated income, reduced its employee costs, and enjoyed higher stock

23  prices as a direct result of the above-mentioned unlawful and unfair business practices. Plaintiffs

24  and the Class are therefore entitled to restitution of any and all monies received by Defendant

25  while engaged in such practices.

26     85.    As a result, Plaintiffs are entitled to restitution of their unpaid commissions, costs,

27                                        16

28  <u>FIRST AMENDED</u> COMPLAINT FOR DAMAGES
    BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.
    Case No.: RG19010306

and expenses in addition to interest, penalties, reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class members and/or other persons similarly situated, respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

    a.  For all wages due and owing;

    b.  For statutory liquidated damages;

    c.  For statutory waiting time penalties;

    d.  For restitution of unpaid costs and expenses pursuant to Business & Professions Code Sections 17200 *et seq.*;

    e.  For interest at the maximum legal rate;

    f.  For attorney's fees authorized by statute;

    g.  For PAGA penalties of $100.00 per employee per pay period for each <u>initial</u> violation of Labor Code section 2751 and $200.00 per employee per pay period for each subsequent violation thereof, and all other penalties recoverable under the California Labor Code;

    h.  For costs of suit incurred herein; and

    i.  For such other and further relief as the Court may deem just and proper.


DATED: April 10, 2019

    BENJAMIN LAW GROUP P.C.

    NA'IL BENJAMIN, ESQ.
    ALLYSSA VILLANUEVA, ESQ.
    Attorneys for Plaintiffs

    **YOSHIRA BARAJAS; HENRY GRANT;
    AND NACHAE WILLIAMS; BURIEL
    DENISE WILLIAMS DAVIS,** individually
    and on behalf of others similarly situated

**FIRST AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., ET AL.
Case No.: RG19010306

**<u>DEMAND FOR JURY TRIAL</u>**
Plaintiffs hereby requests a jury trial on all claims so triable.

DATED: April 10, 2019                          BENJAMIN LAW GROUP P.C.

                                               NA'IL BENJAMIN, ESQ.
                                               ALLYSSA VILLANUEVA, ESQ.
                                               Attorneys for Plaintiffs

                                               **YOSHIRA BARAJAS; HENRY GRANT;
                                               AND NACHAE WILLIAMS; BURIEL
                                               DENISE WILLIAMS DAVIS,** individually
                                               and on behalf of others similarly situated

18

NA'IL BENJAMIN (State Bar No. 240354)
ALLYSSA VILLANUEVA (State Bar No. 312935)
BENJAMIN LAW GROUP
1290 B Street, Suite 314
Hayward, CA 94541
Telephone: (510) 897-9967
Facsimile: (510) 439-2632
Email: nbenjamin@benjaminlawgroup.com
Email: allyssa@benjaminlawgroup.com

Attorneys for Plaintiffs
**YOSHIRA BARAJAS; HENRY GRANT;**
**NACHAE WILLIAMS; and BURIEL**
**DENISE WILLIAMS DAVIS,** each
individually and on behalf of others
similarly situated

FILED BY FAX
ALAMEDA COUNTY

April 10, 2019

CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy

CASE NUMBER:

RG19010306

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

|  |  |
|---|---|
| **YOSHIRA BARAJAS;** individually and on behalf of others similarly situated; **HENRY GRANT,** individually and on behalf of others similarly situated; **NACHAE WILLIAMS,** individually and on behalf of others similarly situated; and **BURIEL DENISE WILLIAMS DAVIS,** individually and on behalf of others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> **CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC.,** a California Corporation; **CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC.,** a California Corporation; and, DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: RG19010306 <br><br> **PROOF OF SERVICE** |

///
///

1

1       I am a resident of the State of California, over the age of eighteen years, and not a party

2   to the within action.  My business address is BENJAMIN LAW GROUP, P.C., 1290 B Street,

3   Suite 314, Hayward, California 94541.

4       On April 10, 2019, I served the following document(s) by the method indicated below:

5     • **PLAINTIFF'S FIRST AMENDED COMPLAINT**

6

| XX | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Hayward, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| --- | --- |
| ☐ | by personally causing the document(s) listed above to be electronically served upon the person(s) at the email address(es) set forth below. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service. |
| ☐ | by providing the document(s) listed above to a professional messenger service for service by placing in a package or via electronic mail transmission with instructions for personal delivery of the documents(s) listed above to the persons(s) at the address(es) set forth below. |

| CSC Lawyers Incorporating Service Services 2710 Gateway Oaks Dr. Ste. 150N Sacramento, CA 95833 | *Agent for Service for Carriage Funeral of California, Inc.* |
| --- | --- |
| CSC Lawyers Incorporating Service Services 2710 Gateway Oaks Dr. Ste. 150N Sacramento, CA 95833 | *Agent for Service for Carriage Cemetery of California, Inc.* |

    I declare under penalty of perjury under the laws of the State of California that the above

is true and correct.  Executed on April 10, 2019, at Hayward, California.

*KSwan*
_____

Karlyn Swan

2