UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSHIRA BARAJAS,<br><br>        Plaintiff,<br><br>  v.<br><br>CARRIAGE CEMETERY SERVICES OF CALIFORNIA, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-02035-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 42 |

Currently pending before the Court is Defendant Carriage Services, Inc.'s ("CSI") motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, for entry of judgment pursuant to Rule 54(b). The Court has reviewed the parties' briefs and accompanying submissions and finds that this matter is suitable for disposition without oral argument. The hearing on the motion is therefore **VACATED**. CSI's motion is **DENIED** in its entirety. The Court also orders Plaintiffs to file their second amended complaint within two days of the date of this order.

## I.     <u>DISCUSSION</u>

The events giving rise to CSI's motion are as follows.

In May 2019, CSI, along with other named defendants, moved to dismiss Plaintiffs' first amended complaint, which alleged violations of wage-and-hour laws. *See* Docket No. 15 (motion). The Court held a hearing on the motion on July 16, 2019. At one point during the hearing, the Court made a brief statement regarding a claim asserted by one Plaintiff, noting "I'm going to require amendment of Ms. Davis's claim." Docket No. 36 (Tr. at 8). More discussion followed, related to all Plaintiffs, and then the Court issued its ruling, granting in part and denying

in part the motion to dismiss. The following exchange took place:

> Court: So technically I'm going to deny the motion to dismiss with respect to the overtime claim for Ms. Barajas, but I'm going to grant it with respect to the other – the rest of the motion to dismiss, with leave to amend. Thirty days –
>
> Plaintiffs: Sure.
>
> Court: – enough?
>
> Plaintiffs: Thank you.

Docket No. 36 (Tr. at 10-11) (emphasis added). Subsequently, the Court issued a minute order which confirmed that the motion to dismiss Ms. Barajas's overtime claim was denied (with respect to CSI) but that the motion was otherwise granted. The Court also identified allegations that would need to be made in the second amended complaint. The Court did not make any comment in the minute order as to when the second amended complaint needed to be filed. *See* Docket No. 34 (order).

Thirty days after the hearing, Plaintiffs did not file a second amended complaint. They did, however, on August 16, 2019, order a transcript for the motion-to-dismiss hearing which was provided to them on the same day. *See* Docket No. 30 (transcript order).

On August 27, CSI answered the first amended complaint. CSI also filed the pending motion to dismiss pursuant to Rule 41(b). Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules *or a court order*, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (emphasis added). According to CSI, Plaintiffs failed to file an amended complaint within thirty days as ordered by the Court at the hearing (*i.e.*, by August 15) and therefore all claims should be dismissed, except for Ms. Barajas's overtime claim (which was the only claim in the first amended complaint that survived the motion to dismiss).

On September 10, Plaintiffs submitted a proposed second amended complaint, more specifically, in conjunction with their opposition to CSI's motion to dismiss. *See* Villanueva Decl., Ex. D (proposed SAC).

CSI's Rule 41(b) motion is predicated on there being a "court order" requiring amendment by August 15. If the Court had, at the hearing on the earlier 12(b)(6) motion to dismiss, clearly

2

and unambiguously ordered Plaintiffs to file an amended complaint by August 15, then it could

fairly be said that Plaintiffs failed to comply with a court order – even if the order was only made

orally and not memorialized in the relevant minute order. *See Yourish v. Cal. Amplifier*, 191 F.3d

983, 987 (9th Cir. 1999) (noting that a default judgment as a sanction for noncompliance with a

court order, pursuant to Federal Rule of Civil Procedure 37(b)(2), is permissible even where there

is no written order – so long as the oral order is clear; "[j]ust as an oral order is an 'order,' the

noncompliance with which justifies Rule 37(b)(2) sanctions, Judge Marshall's minute order was an

'order,' the disobedience of which justified dismissal under Rule 41(b)"). However, arguably,

there was no clear and unambiguous order by the Court at the hearing, and thus Plaintiffs have

invoked *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).[1] There,

the Ninth Circuit made clear that, where a court simply gives leave to amend, but does not

"mandate the filing of an amended complaint" – and does not otherwise "indicate that failure to

[file an amended complaint] would result in dismissal of the complaint pursuant to Rule 41(b)" –

then there is no "court order" for purposes of Rule 41(b). *Id.* at 890 (noting that "the district court

did not consider whether Rule 41(b) was even applicable . . . given that Plaintiff was granted leave

– not ordered – to amend its complaint").

For purposes of the pending motion, the Court need not definitively resolve whether there

was an order requiring Plaintiffs to file an amended complaint by August 15, which could then

serve as a predicate for sanctions under Rule 41(b). Even if the Court had expressly ordered

Plaintiffs to file an amended complaint by August 15, it would still deny CSI's Rule 41(b) motion

to dismiss.

> [I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

---

[1] Technically, Plaintiffs cited *Capella Photonics, Inc. v. Cisco Sys.*, No. 14-cv-03348-EMC, 2019 U.S. Dist. LEXIS 93578 (N.D. Cal. June 4, 2019), but *Capella*, in turn, relies on *Applied Underwriters*. *See id.* at *22-23.

*Yourish*, 191 F.3d at 990.  In *Yourish*, the Ninth Circuit found that the first three factors "strongly favor dismissal," and thus held that

> the district court did not abuse its discretion in dismissing Plaintiffs' case for failing to amend in a timely fashion.  Although dismissal was harsh, we do not have a "definite and firm conviction" that the district court "committed a clear error of judgment in the conclusion it reached upon a weighting of the relevant factors."

*Id.* at 992.

CSI argues that, in the instant case, the first three factors above also weigh strongly in its favor.  The Court does not agree.  In *Yourish*, the district court determined that the plaintiffs' noncompliance with an order (requiring amendment in sixty days) "'caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the Court.'" *Id.* at 990.  The Ninth Circuit did not find fault with this determination because "'district judges are best situated to decide when delay in a particular case interferes with docket management and the public interest,'" *id.*, and thus found that factors (1) and (2) weighed in favor of dismissal.  In the instant case, the delay in Plaintiffs' filing of a second amended complaint is not of such a magnitude that expeditious resolution of litigation or the Court's management of its docket is imperiled or materially impacted.  In this regard, the Court notes that the settlement conference in the instant case is still several months away (December 2019) as is class certification briefing (May-June 2020).

As for the third factor, risk of prejudice to the defendant, the Ninth Circuit expressly noted in *Yourish* that "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Id.* at 991.  "'Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by "unreasonable" delays.'" *Id.*  As indicated above, in the instant case, the delay has been relatively minor; if the amended complaint should have been filed by August 15, then Plaintiffs' submission of its proposed second amended complaint was less than a month late (on September 10).

CSI protests still that it will be prejudiced without a dismissal, but none of its arguments is convincing.  For example, CSI notes that, in *Yourish*, the Ninth Circuit stated: "[T]he risk of

4

prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely

amend" – *i.e.*, prejudice is evaluated "'with reference to the strength of the plaintiff's excuse for

the default.'"  *Id.*  If a plaintiff has "a very poor reason for [her] default" – a "paltry excuse" – then

there may be "sufficient prejudice to [the] [d]efendant[] from [a] delay."  *Id.* at 991-92.  It is true

that, in the instant case, not all of the reasons Plaintiffs have offered for delay are compelling.

Most notably, Plaintiffs claim that there were attorney-client privilege issues that needed to be

resolved before they could file a second amended complaint, but Plaintiffs have not offered any

insight about what those issues are, not even through an in camera submission.  Plaintiffs,

however, have specified other reasons for their delay: For example, they needed to collect

information that the Court identified as necessary for the second amended complaint; also, there

was ambiguity as to whether there was in fact a hard deadline for the filing of the second amended

complaint.  The Court acknowledges that, if Plaintiffs had been prudent, they would have

contacted the Court to ask for more time to file a second amended complaint or at least to confirm

whether there was a hard deadline for the filing of the second amended complaint.  Nevertheless,

these circumstances make the instant case sufficiently different from *Yourish*.  *See id.* at 986, 991-

92 (noting that the plaintiffs had sixty days (*i.e.*, until April 24, 1998), to file an amended

complaint; that plaintiffs claimed they thought a written order was to issue first but did nothing

when no written order was issued; that plaintiffs did not file an amended complaint on April 24

but did see, on that date, a minute order with the deadline for the filing of the amended complaint;

and that, not until May 15 (*i.e.*, some twenty days later), did plaintiffs make a filing with the court,

although even then plaintiffs did not file an amended complaint but rather filed a motion asking

for entry of a written order).

CSI also suggests that it would be prejudiced without a dismissal because Plaintiffs' failure

to file a second amended complaint by August 15 gave it the impression that Plaintiffs had

"abandoned" the claims for which the Court had granted CSI's motion to dismiss the first

amended complaint.  Reply at 6.  But it is doubtful that CSI was under any such misapprehension

given that, on August 20 (*i.e.*, five days later), Plaintiffs emailed CSI, asking for an extension of

time to respond to discovery for *all* four Plaintiffs.  *See* Villanueva Decl., Ex. C (email).

Finally, CSI argues it would be prejudiced without a dismissal because it has already filed an answer based on the first amended complaint and served discovery based on the first amended complaint; also, if the Court were to permit Plaintiffs to file a second amended complaint, then CSI may have to have to file a motion to dismiss to challenge that pleading.  The problem here for CSI is that these are essentially litigation tasks that it would have had to do even if Plaintiffs had timely filed a second amended complaint.  The Court acknowledges that CSI may have to file a new answer (to address the new claims in the second amended complaint) or serve new discovery (to address the same) but that work will simply supplement (and not be duplicative) what CSI has already been done.  Moreover, the Court notes that CSI could have avoided the situation if it had simply asked Plaintiffs whether they intended to file a second amended complaint – a likely scenario given that Plaintiffs were asking for an extension of time to provide discovery responses for all four of them (and not just Ms. Barajas who was the only plaintiff to have a claim to survive the motion to dismiss the first amended complaint).

For the foregoing reasons, the motion to dismiss is denied, as is the alternative motion for entry of judgment.  Plaintiffs are ordered to file their second amended complaint within two days of the date of this order.[2]  CSI shall file a response to the second amended complaint (either an answer or a motion) within three weeks of the date of this order.

This order disposes of Docket No. 42.

**IT IS SO ORDERED**.


Dated: September 25, 2019


_____
EDWARD M. CHEN
United States District Judge

---

[2] Plaintiffs have indicated that they would like to proceed, in their second amended complaint, with only three named plaintiffs (*i.e.*, the claims of Ms. Williams Davis would be dismissed without prejudice).  *See* Docket No. 43 (request for voluntary dismissal); *see also* Fed. R. Civ. P. 41(a)(2) (providing that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper").  Because there is no apparent prejudice to CSI, the Court shall allow Ms. Williams Davis to voluntarily dismiss her claims without prejudice.

6