NA'IL BENJAMIN, ESQ. (SBN 240354)
ALEXANDER VAN BROEK, ESQ. (SBN 103891)
BENJAMIN LAW GROUP, P.C.
1290 B Street, Suite 314
Hayward, California 94541
Telephone: (510) 897-9967
Facsimile:  (510) 439-2632
nbenjamin@benjaminlawgroup.com
alexander@benjaminlawgroup.com

Attorneys for Plaintiffs
**YOSHIRA BARAJAS; HENRY GRANT;**
**and NACHAE WILLIAMS;** each
individually and on behalf of others similarly
situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| **YOSHIRA BARAJAS;** individually and on behalf of others similarly situated; **HENRY GRANT,** individually and on behalf of others similarly situated; and **NACHAE WILLIAMS**, individually and on behalf of others similarly situated; individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>**CARRIAGE SERVICES, INC.,** a Texas Corporation; and, DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 19-cv-02035-EMC<br><br>**THIRD AMENDED COMPLAINT**<br><br>**CLASS AND REPRESENTATIVE ACTION FOR:**<br><br>**(1) Failure to Pay Minimum Wages in Violation of Cal. Labor Code Section 1197;**<br><br>**(2) Failure to Pay Premium Wages in Violation of Cal. Labor Code Section 510;**<br><br>**(3) Violation of Labor Code Section 203; and**<br><br>**(4)  Violation of Cal. Business & Professions Code Sections 17200** *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Individual and representative plaintiffs, YOSHIRA BARAJAS, HENRY GRANT, and NACHAE WILLIAMS, (collectively "Plaintiffs") **each individually and each on behalf of all others similarly situated** bring this class and representative action on behalf of themselves and all persons who were employed ("Employees") in California by Defendant CARRIAGE SERVICES, INC., and DOES 1-50, inclusive (collectively "**Defendants**") from the date four years prior to the filing date of the original Complaint (**April 10, 2014**) through the entry of judgment. **(The original complaint was filed on April 10, 2018.)**

2. Plaintiffs were paid an hourly wage intended to reflect the minimum wage requirements. Plaintiffs were not salaried employees, or otherwise paid as exempt employees.

3. Defendants violate the labor code by requiring its Employees and Plaintiffs to work in excess of 8 hours per day and/or in excess of 40 hours per week without any compensation. Furthermore, the compensation Employees and Plaintiffs did receive when calculated to cover the hours actually worked, results in a rate of pay below the legal **California** minimum wage. **On information and belief, the applicable minimum wage for employees in Richmond, California – the city in which each named Plaintiff worked – is as follows:**

**Date of Change**

a. 1/1/2018        $13.41/hour
b. 1/1/2017        $12.30/hour
c. 1/1/2016        $11.52
d. 1/1/2015        $9.60

Due to the nature of Plaintiffs' job duties; including the scheduling of appointments, returning phone calls, and following up with potential sales opportunities after working eight hours in a day, or 40 hours in a week, Defendants knew that Plaintiffs and Employees worked overtime without compensation. Defendant failed to pay Plaintiffs and its Employees for all hours worked, including minimum wage and overtime, as required by California law. In California, employees

2

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

are entitled to overtime for each day they work in excess of 8 hours, **and** each week they work in excess of 40 hours, **and** each week they work in excess of 6 days in a workweek.  Plaintiffs also allege that these acts, which violate the California Labor Code, constitute unlawful and unfair business practices in violation of California's Unfair Competition Law under Business and Professions Code sections 17200 et seq.  ("UCL").

4. Plaintiff Barajas intends to seek PAGA penalties for failure to comply with Labor Code provisions including violation of Labor Code Sections 201, 202, 203, 206, 208, 227.3, 512, and 1194 *et seq*., as well as penalties, attorneys' fees and costs, prejudgment interest, and other relief the court may deem appropriate once her PAGA claims have been adequately exhausted and this Court has granted her leave to amend this complaint to add those PAGA claims.

5. The "Class Period" is designated as the time from four years prior to filing of the original Complaint through the date of trial based upon the allegations that the violations of the Labor Code and the UCL have been ongoing since at least four years prior to the date of the filing of the original Complaint and are continuing.

## JURISDICTION AND VENUE

6. Jurisdiction is proper because Defendants operated as employers in the State of California.  This Court has jurisdiction over the Labor Code claims for unpaid wages pursuant to Labor Code sections 510 and 1194.

7. Venue in the Northern District of California, covering Contra Costa County, is appropriate under California Code of Civil Procedure section 395(a) because the unlawful practices alleged herein were committed in the County of Contra Costa, at least one Plaintiff is a resident of Contra Costa County, and Plaintiffs performed job duties in Contra Costa County.

## PARTIES

I. **Individual Plaintiffs**

8. Plaintiff YOSHIRA BARAJAS ("Ms. Barajas") is and was a resident of Contra Costa County at all relevant times.  Ms. Barajas was an employee of Defendants at all relevant

3

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.:  19-cv-02035-EMC

times.

9. Plaintiff Henry Grant ("Mr. Grant") is and was a resident of Contra Costa County at all relevant times. Mr. Grant was an employee of Defendants at all relevant times.

10. Plaintiff Nachae Williams ("Ms. Williams") is and was a resident of Contra Costa County at all relevant times. Ms. Williams was an employee of Defendants at all relevant times.

## II. Defendant

11. On information and belief, Defendant CARRIAGE SERVICES, INC. ("Defendant" or "Carriage") is registered to do business in California and employs citizens under the laws of the State of California. Carriage owns, operates, controls, and/or manages employing entities throughout California, and employs, controls, and/or directs the employment duties of California employees to suffer harm as alleged herein in Contra Costa County, Alameda County, as well as other surrounding counties. On information and belief, Carriage does business in California providing funeral and burial related services in the names of various cemeteries including "Carriage Funeral Services of California, Inc."; "Carriage Cemetery Services of California, Inc."; and "Rolling Hills Cemetery".

12. Upon information and belief, all Defendants are joint employers and a joint corporation operating and employing California citizens under the laws of the state of California throughout the state of California.

13. Defendants DOES 1-50 are sued herein under fictitious names. Their true names and capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs. Plaintiffs are informed and believe and based thereon allege that each of the Defendants sued herein as a Doe is responsible in some manner for the events and happenings herein set forth and proximately caused injury and damages, and any reference to "Defendant" shall mean "Defendants, and each of them." Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

## FACTUAL BACKGROUND

**Plaintiff Barajas**

14. Ms. Barajas was employed by Defendant starting in or around 2016 and until she was forced quit in or around mid-2018 due to unfair working conditions; including the failure to pay all wages due and earned.

15. Ms. Barajas was first hired into the position of Consultant. As a Consultant, Ms. Barajas's main job duty was conducting sales including meeting with clients, phone calls with clients, staffing Defendants' offsite work locations to prospect for sales, and waiting on-call for work-related business. In 2016, the minimum wage for Ms. Barajas and other employees employed in Richmond, California was $11.52 per hour.

16. Defendants paid Ms. Barajas $15.00 per hour as a Consultant. However, Ms. Barajas worked an average of 52 to 58 hours per week, including nights and weekends, and sometimes worked seven days in a week. Despite her hours worked, Defendants paid Ms. Barajas for only 40 hours at the rate of $15.00 per hour. Ms. Barajas and other employees used a time punch card but she was verbally told by Defendant that she was not allowed to record hours beyond eight hours in a day. Defendant failed to pay Ms. Barajas for at least 12 to 18 hours of overtime each week of her employment as a Consultant. Accordingly, Ms. Barajas's average weekly rate of pay as a Consultant was as low as $10.34, and at times it is believed to be as high as $11.53.

17. Defendant paid Ms. Barajas by pre-loaded card and did not provide her with wage statements.

18. In or around the end of 2016, Defendants increased Ms. Barajas's rate of pay to $17.00/ per hour. However, after around three weeks at this rate of pay, Defendants verbally informed her that she had not sold enough to continue at the $17.00/hour rate. Ms. Barajas made at least one sale. However, Defendant did not want to pay Ms. Barajas for all hours worked.

19. Defendants unilaterally converted Ms. Barajas into a commission-only sales

5

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

person thereby depriving her of payment for all hours worked, including minimum wages.

20.     Defendants orally promised Ms. Barajas that if she made enough sales she would be returned to her hourly position.  Ms. Barajas was never given anything explaining, authorizing, or documenting her change in status and pay.  However, her core job duties remained the same and she was required to do even more work.

21.     Defendant did not explain Ms. Barajas's job position or the compensation system she was required to work under, nor did Defendant provide Ms. Barajas with a written commission agreement setting forth the material details of her compensation.

22.     As a commission-only sales person, Ms. Barajas was not paid at all unless she made a sale.  At this point, when Ms. Barajas was working as a commission-only sales person, she worked estimate of seven (7) days a week and an average of 70-80 hours per week.  She was not compensated for any hours worked.  Ms. Barajas was never informed of how many sales would be sufficient to return her to an hourly position despite the representation that she would be returned to hourly pay based on her sales numbers.

23.     In mid-2018, Ms. Barajas was forced to leave employment after being unpaid for over a year and half despite working 70-80 hours per week.

24.     At all times, Ms. Barajas worked at Defendant's Rolling Hills, CA office or at offsite work locations scheduled, organized, controlled, supervised, and directed by Defendant.  Sometimes, Plaintiff's sales activities occurred outside of the working environment created by Defendant.  Sometimes she worked in a combination of both in and out of office settings during the same workday.  However, Plaintiff spent a majority of her time working entirely at the Rolling Hills, CA office or at an offsite work location set up by Defendant, especially if there was a potential for Spanish-speaking clients.

**Plaintiff Grant**

25.     Defendant hired Mr. Grant in or around 2015 as an Advanced Planning Counselor. On information and belief, Defendant orally promised to pay Mr. Grant an hourly wage set at the

6

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.:  19-cv-02035-EMC

Richmond, CA local minimum wage and commission on all sales made.  Defendant never provided him with documentation of his position and written commission agreement detailing the material terms of his compensation.

26. Mr. Grant worked as an Advanced Planning Counselor for about one (1) year.  Mr. Grant's main job duties were sales prospecting by phone and in person at Defendant's Rolling Hills location and at off-site work locations scheduled, organized, controlled, supervised, and directed by Defendant.

27. On more than one occasion during his time as an Advanced Planning Counselor, Mr. Grant worked six (6) days per week including one weekend day and an excess of 40 hours per week.  On information and belief, and based on Mr. Grant's best recollection, he does not recall a week in which he did not work at least 8 hours in a day, or at least 41 hours in a week.  In other words, Mr. Grant believes that during each week of his employment as an Advanced Planning Counselor, he worked at least one day in excess of 8 hours.  Similarly, during each week Mr. Grant worked as an Advanced Planning Counselor, he worked 41 or more hours; including 6 days each week.  However, Defendant never paid Mr. Grant for any hours worked in excess of 8 hours in a day, or 40 hours in a week.  Additionally, Mr. Grant believes his base hourly rate was set to the local minimum wage, and therefore, the failure to pay Mr. Grant for all hours worked means that Mr. Grant was denied minimum wage during each week he worked in excess of 40 hours.

28. In or around 2016, Defendant unilaterally changed Mr. Grant's position to Outside Sales Representative and orally represented that his position his compensation was changed to commission-only.  His core job duties remained the same.  Mr. Grant did not make any sales as an Outside Sales Rep and thus received no compensation at all.  In other words, Mr. Grant worked without compensation, minimum wage or otherwise, during this time period.

29. In or around 2017, Mr. Grant separated employment due Defendant's failure to compensate him for hours worked for nearly a year.

7

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.:  19-cv-02035-EMC

30. At all times, Mr. Grant worked at Defendant's Rolling Hills, CA office or at local events scheduled, controlled, organized, supervised, and directed by Defendant. Sometimes, Plaintiff conducted sales activities in a combination of both in and out of office settings based on Defendant's directives.

**Plaintiff Williams**

31. Defendant hired Ms. Williams in or around 2015 in the position title of "Pre-Planning Counselor." Defendant verbally advised that if Ms. Williams did not meet certain requirements within the first two months of employment, she would be moved to a commission-only position. Defendant did not provide Ms. Williams with any documentation about the requirements to stay in her hired position or about the terms of commission-only outside sales rep positions. Defendant did not provide Ms. Williams with a written commission agreement specifying the material terms of her compensation as a commission-earning employee.

32. Ms. Williams worked as a Pre-planning Counselor for about ten weeks at the rate of $17 per hour. As a pre-planning counselor, Ms. Williams engaged in sales prospecting by phone and in person at Defendant's Rolling Hills office and at offsite work locations controlled, organized, supervised, and directed by Defendant. During this time period in 2015, Ms. Williams worked more than 40 hours each week, and more than 8 hours in a day at least several times a month. This included job duties that required her to attend client meetings outside of normal business hours. During this time, Defendant did not pay Ms. Williams for overtime when she worked more than 8 hours in a day, or when she worked more than 40 hours in a week. At no time during Ms. Williams's employment did she receive overtime compensation. Although Ms. Williams was promised commission on her sales, she did not ever receive a written commission agreement specifying the material terms of her commission compensation.

33. After about ten weeks, Defendant unilaterally changed Ms. Williams's compensation structure to commission only. Ms. Williams's job duties and hours did not change. In other words, during each month of her employment as a commission-only employee, Ms.

8

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

1  Williams worked at least 8 hours in a day, and/or 40 hours in a week, several times each month

2  without overtime compensation.  During this time period, Ms. Williams also worked pay periods

3  without any compensation in violation of California's minimum wage laws.  Defendant never

4  provided any documentation to Ms. Williams about the change in job title, compensation, or the

5  specific terms of the commission-only payment system.

6      34.    Ms. Williams was forced to separate employment in 2017 because she was not

7  overtime or for all of the hours she worked.  She informed all of her supervisors at Defendant's

8  Rolling Hills location that she was separating due to the ongoing issues with her compensation.

9      35.    At all times, Ms. Williams worked at Defendant's Rolling Hills, CA office or at

10 offsite work locations scheduled, organized, controlled, supervised, and directed by Defendant

11 Sometimes, Plaintiff's sales activities occurred outside of the working environment created by

12 Defendant.  Sometimes she worked in a combination of both in and out of office settings during

13 the same workday. However, Plaintiff spent the majority of her time working entirely at the

14 Rolling Hills, CA office or  at an offsite work location, usually at Hilltop Mall, set up by

15 Defendant.

16     36.    Plaintiffs did not receive minimum wage or overtime to ensure they were paid for

17 all hours worked.

18     37.    The true terms and conditions of Plaintiffs' commission compensation was not

19 provided in a signed written commission agreement.

20     38.    Plaintiffs' total compensation amounted to less than the applicable minimum wage

21 for all hours worked.

22     39.    Moreover, Defendants failed to pay Plaintiffs as agreed in the oral promises,

23 representations, conduct, employee handbooks, and offers of employment that formed the basis of

24 the employment and commission agreements between the Parties.

25     40.    To date, Defendants have refused to and failed to pay Plaintiffs for all hours

26 worked.

9

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.:  19-cv-02035-EMC

41. As a result of Defendants conduct, Plaintiffs suffered unpaid wages and related financial hardships.

42. Plaintiffs believe there are 50-250 potential class members that suffered this same mistreatment due to Defendants' compensation plan that did not include overtime payments for certain sales employees, and that required certain sales employees to work as "Commission-Only" employees without any compensation for their hourly work performed.

## **CLASS AND REPRESENTATIVE ACTION**

43. Plaintiffs brings this action individually, on behalf of the general public, and on behalf of all others similarly situated within the class of all former and current employees ("Employees") employed by Defendants within the State of California within four years of the filing of the original Complaint until the entry of judgment. The Class Plaintiffs seek to represent is defined as:

> All former and current sales employees ("Class Members") employed by Defendants within the State of California within four years of the filing of the original Complaint until the entry of judgment after trial.

Plaintiffs also propose that the Class will be subdivided into five (5) sub-classes consisting of:

> (1) all Class members that were not paid the minimum wage for all hours worked as required by California law;
>
> (2) all Class members that were not paid overtime wages for all hours worked in excess of eight (8) in a day and/or forty (40) in a week;
>
> (3) all Class members that were subject to breach(es) to their commission agreements by Defendants;
>
> (4) all Class members that were subjected to and reasonably relied on Defendant's intentional misrepresentations in entering into employment and/or commission agreements;
>
> (5) all Class members that were subjected to and reasonably relied on Defendant's false promises in entering into employment and/or commission agreements;

10

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

(6) all Class members that were not provided with a written commission agreement within the meaning of Labor Code section 2751; and

(7) all Class members that were no paid all wages owed at the time of separation.

Membership in one subclass is not mutually exclusive of membership in the other subclass. Plaintiffs believe that many or most Class members are members of both subclasses.

44. The persons in the Class, and in each subclass, are so numerous that joinder is impracticable, and the disposition of these claims in a class action rather than in individual actions will benefit the parties and the Court. The similarly situated employees are known to Carriage and readily identifiable through Carriage's own records. On information and belief, the Class consists of more than 50 people. Plaintiffs further allege, based on information and belief, that there is not less than 5 people in each subclass.

45. There is a well-defined community of interest in common questions of law and fact. Common questions of law and fact include questions raised by the individual Plaintiffs' allegations that Defendant's had a practice and policy was to avoid paying minimum and overtime wages as required by the Labor Code. The common questions apply to the Class in that they are all subject to the same policies, acts, and omissions of Defendant. Common questions of law and fact include:

 a) Whether Defendants' failure to pay Employees overtime wages for all hours worked in excess of eight (8) in a day violate Labor Code §§ 1194 *et seq*;
 b) Whether Defendants' failure to pay Employees overtime wages for all hours worked in excess of forty (40) in a week violate Labor Code §§ 1194 *et seq*;
 c) Whether Defendants' failure to pay Employees minimum wages for all hours worked in excess of eight (8) in a day violate Labor Code §§ 1194 *et seq*;
 d) Whether Defendant's various violations of the Labor Code serve as predicate violations of the UCL;
 e) Whether Defendants breached terms of the commission agreements;
 f) Whether Defendants made false promises to induce Employees to enter into

11

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

employment and/or commission agreements;

g) Whether Defendants intended that Employee rely on their false promises;

h) Whether Employees did rely on Defendants' false promises;

i) Whether Employees' reliance on Defendants' false promises were reasonable;

j) Whether Employees were harmed by Defendants' false promises;

k) Whether Defendants made false representations to induce Employees to enter into employment and/or commission agreements;

l) Whether Defendants knew that their representations to Employees were false;

m) Whether Defendants intended that Employee rely on their false representations;

n) Whether Employees did rely on Defendants' false representations;

o) Whether Employees' reliance on Defendants' false representations were reasonable; and

p) Whether Employees were harmed by Defendants' false representations;

q) Whether Defendant failed to provide Employees with written commission agreements in violation of Labor Code section 2751;

r) Whether Defendant failed to pay Employees all wages due and owing at the time of separation in violation of Labor Code section 203; and

s) Whether violations of the Labor Code also establish PAGA violations.

46. At all relevant times, Defendant failed to compensate its Employees for hours worked as required by California law. Proof of a common or single set of facts will establish the right to each member of the Class to recover. Common questions of law and fact predominate over any questions affecting only individual Class members.

47. Plaintiffs' claims are typical of those of the claims of the Class as a whole because the individual Plaintiffs are similarly affected by Defendant's policies, acts, and omissions.

48. Plaintiffs are adequate class representatives because they are directly affected by Defendants' acts and omissions. Plaintiffs have no interests that conflict with or are antagonistic

12

to the interests of the Class. Plaintiffs and their counsel are aware of their fiduciary responsibilities to the Class members and have experience in representing clients in class and individual actions involving employment rights.

49. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

50. References to "Plaintiffs" below shall include each individual Plaintiffs and each member of the proposed Class, unless otherwise indicated.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LABOR CODE SECTION 1197

**(All Plaintiffs Against All Defendants and DOES 1-50)**

51. Plaintiffs realleges and incorporate by reference paragraphs 1-50, inclusive, of this complaint as through fully set forth herein.

52. Plaintiffs are entitled to the applicable minimum wage for all hours worked. Cal. Labor C. § 1197; *see* IWC Wage Order No. 4. Plaintiffs are entitled to any higher minimum wage for work performed in cities with local minimum wage ordinances.

53. Plaintiffs did not qualify for any Labor Code exemptions as their job duties were unchanged from the time they were hired as hourly employees to the date that Defendants unilaterally changed their job titles and classification to Outside Sales Representatives. On information and belief, Defendants unilaterally changed Plaintiffs' classifications to Outside Sales Representatives to avoid compliance with the Labor Code.

54. In doing the things described herein, Defendants failed to pay Plaintiffs the

13

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

minimum wage for all hours worked.  Defendants paid Plaintiffs for 40 hours worked per pay period regardless of its obligation to pay minimum wages for all the hours worked; and Defendants failed to pay any wages for all hours worked in excess of 40 in a week or 8 hours in a day. Defendant's compensation system does not exempt it from the Labor Code nor IWC Wage Order No. 4.

55. As a result, Plaintiffs are entitled to unpaid wages, statutory liquidated damages, and expenses, in addition to interest, penalties, reasonable attorney's fees and costs.

56. Plaintiffs were often required to work more than 5 days consecutively for an average of 52-80 hours per day.

57. As a result of Defendants' policies, Plaintiffs are owed unpaid wages for all time worked in addition to liquidated damages, interest, penalties, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## CAL. LABOR CODE SECTION 510

**(Plaintiffs Against All Defendants and DOES 1-50)**

58. Plaintiffs re-allege and incorporate paragraphs 1 through 57, inclusive, of this Complaint as though fully set forth herein.

59. "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Labor C. § 510.

60. Plaintiffs did not qualify for any Labor Code exemptions as their job duties were unchanged from the time they were hired as hourly employees to the date that Defendants unilaterally changed their job titles and classification to Outside Sales Representatives.  On information and belief, Defendants unilaterally changed Plaintiffs' classifications to Outside Sales Representatives to avoid compliance with the Labor Code.

61. In doing the things described herein, Defendants failed to pay Plaintiffs the for all hours overtime worked. Specifically, Defendants paid Plaintiffs for 40 hours worked regardless of its obligation to pay minimum wages for all the hours worked; and Defendants failed to pay any wages for all hours worked in excess of 40 in a week or 8 hours in a day. Defendant's compensation system does not exempt it from the Labor Code nor IWC Wage Order No. 4.

62. As a result, Plaintiffs are entitled to unpaid wages, statutory liquidated damages, and expenses, in addition to interest, penalties, reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 203

### (All Plaintiffs Against All Defendants and DOES 1-50)

63. Plaintiffs re-allege and incorporate paragraphs 1 through 62, inclusive, of this Complaint as though fully set forth herein.

64. "If an employer willfully fails to pay. . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Labor Code § 203(a).

65. In doing the things alleged herein, Defendant violated the Labor Code. Specifically, Defendant failed to pay Plaintiffs minimum wages for all hours worked. Defendant failed to pay Plaintiffs overtime wages. Defendant failed to pay Plaintiffs all wages due and owing at the time of their respective separations.

66. As a result, Plaintiffs are entitled to waiting penalties for the maximum time of thirty (30) days.

15

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq*.

**(All Plaintiffs Against All Defendants and DOES 1-50)**

67. Plaintiffs re-allege and incorporate paragraphs 1 through 66, inclusive, of this Complaint as though fully set forth herein.

68. By the conduct described above, Defendant has violated the provisions of the Labor Code, and the Unfair Competition Law, codified at Business & Professions Code Sections 17200 *et seq*. by engaging in unfair, unlawful, and oppressive activity.

69. Defendant generated income, reduced its employee costs, and enjoyed higher stock prices as a direct result of the above-mentioned unlawful and unfair business practices. This includes the ability to earn revenue and profits by securing commission-only employment without a written commission agreement, and failing to pay employees all commissions earned because the commission compensation calculations were not clearly defined and memorialized so that employees could understand them and enforce their rights to commission compensation. Plaintiffs and the Class are therefore entitled to restitution, and restitutionary disgorgement, resulting from Defendant's unlawful practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class members and/or other persons similarly situated, respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

a. For all wages due and owing;
b. For statutory liquidated damages;
c. For statutory waiting time penalties;
d. For restitution of unpaid costs and expenses pursuant to Business & Professions Code Sections 17200 *et seq*.;

16

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

e. For interest at the maximum legal rate;

f. For attorney's fees authorized by statute;

g. For costs of suit incurred herein; and

h. For such other and further relief as the Court may deem just and proper.

DATED: January 6, 2020				BENJAMIN LAW GROUP P.C.

_____
NA'IL BENJAMIN, ESQ.
Attorneys for Plaintiffs

**YOSHIRA BARAJAS; HENRY GRANT; AND NACHAE WILLIAMS;** individually and on behalf of others similarly situated

17

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC

**DEMAND FOR JURY TRIAL**
Plaintiffs hereby requests a jury trial on all claims so triable.

DATED: January 6, 2020   BENJAMIN LAW GROUP P.C.

*/s/ Na'il Benjamin/*

NA'IL BENJAMIN, ESQ.
Attorneys for Plaintiffs

**YOSHIRA BARAJAS; HENRY GRANT; AND NACHAE WILLIAMS,** individually and on behalf of others similarly situated

**THIRD AMENDED** COMPLAINT FOR DAMAGES
BARAJAS V. CARRIAGE SERVICES, INC., ET AL.
Case No.: 19-cv-02035-EMC