UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSHIRA BARAJAS, et al., Plaintiffs, v. CARRIAGE SERVICES, INC., Defendant. | Case No. 19-cv-02035-EMC **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND STRIKE** Docket No. 65 |

Plaintiffs are three individuals: Yoshira Barajas, Henry Grant, and Nachae Williams. They have filed a wage-and-hour class action against Carriage Services, Inc. ("CSI"). To date, there have been two rounds of 12(b)(6) motions. *See* Docket No. 15 (motion to dismiss first amended complaint); Docket No. 49 (motion to dismiss second amended complaint). The current operative complaint is the third amended complaint ("3AC"). Currently pending before the Court is CSI's motion to dismiss and/or strike certain claims and/or portions of the 3AC. Having considered the parties' briefs, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part CSI's motion.

## I. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

B. <u>Failure to Pay Minimum Wages</u>

1. <u>Ms. Barajas</u>

Previously, the Court held that Ms. Barajas had a viable minimum wage claim with respect to her time as a commission-only salesperson, but not with respect to her time as a Consultant. *See* Docket No. 57 (Order at 5). In the pending motion to dismiss, CSI does not raise any challenge to Ms. Barajas's minimum wage claim. Therefore, Ms. Barajas's minimum wage claim, in its entirety, shall proceed.

2. <u>Mr. Grant</u>

CSI argues that, based on the allegations in the 3AC, Mr. Grant has failed to state a claim for relief for either his time as an Outside Sales Representative or his time as an Advanced Planning Counselor.

a. <u>Outside Sales Representative</u>

Previously, the Court held that Mr. Grant had a viable minimum wage claim with respect to his time as an Outside Sales Representative. *See* Docket No. 57 (Order at 5). Mr. Grant, however, has changed his allegations with respect to his time working as an Outside Sales Representative; therefore, CSI has tendered a new argument that Mr. Grant has failed to state a

2

claim for relief based on the allegations in the 3AC specifically.

The Court holds that, although Mr. Grant has changed his allegations, he has still alleged enough to support a minimum wage claim with respect to his time as an Outside Sales Representative. Mr. Grant has alleged that he "worked without compensation" during his time as an Outside Sales Representative. 3AC ¶ 28. If Mr. Grant worked but did not receive any compensation, then he was necessarily paid less than a minimum wage – and during the entirety of his time as an Outside Sales Representative. *See* 3AC ¶ 28. CSI contends that it is not clear from the 3AC whether Mr. Grant "did any work" (*i.e.*, because he did not make any sales) but such may reasonably be inferred from the allegation that Mr. Grant's "core job duties remained the same" and that he "worked without compensation." 3AC ¶ 28.

b. Advanced Planning Counselor

CSI argues that Mr. Grant has failed to state a minimum wage claim based on his time as an Advanced Planning Counselor – primarily because "[n]o allegations are provided regarding any payment Mr. Grant received at any particular time." Mot. at 7. But this is not true. Mr. Grant has alleged that, during his time as an Advanced Planning Counselor, his hourly rate was set at "the local minimum wage." 3AC ¶ 27. This allegation – taken along with his allegation that he does not recall a week in which he did not work at least 41 hours in a week – provides a sufficient basis for the minimum wage claim. If Mr. Grant, *e.g.*, worked 41 hours each week but was paid for only 40 hours of his time at the minimum wage, his hourly wage for the 41 hours necessarily amounted to less than the minimum wage.

c. Summary

Mr. Grant has a viable minimum wage claim – both for his time as an Outside Sales Representative and for his time as an Advanced Planning Counselor.

3. Ms. Williams

According to CSI, Ms. Williams has failed to plead any viable minimum wage claim – either with respect to her time as a Pre-Planning Counselor or as a commission-only employee.

a. Pre-Planning Counselor

In the opposition brief, Plaintiffs indicate that Ms. Williams is not bringing a minimum

3

wage claim based on her time as a Pre-Planning Counselor. *See* Opp'n at 1 (naming only Ms. Barajas and Mr. Grant as bringing "[m]inimum wage claims as consultant").

### b. Commission-Only Employee

In the 3AC, Plaintiffs allege that, when Ms. Williams worked as a Pre-Planning Counselor, she "worked more than 40 hours each week," 3AC ¶ 32, and that, when she became a commission-only employee, her "job duties and hours did not change." 3AC ¶ 33. If Ms. Williams worked more than 40 hours each week as a commission-only employee and was never paid any compensation, then there would clearly be a minimum wage violation.

Although the SAC alleges that Ms. Williams "worked pay periods without any compensation in violation of California's minimum wage laws," 3AC ¶ 33, without identifying which specific pay periods are at issue, a reasonable inference can be drawn that she worked 40 hours each week and never was compensated. This is sufficient to state a minimum wage claim.

### c. Summary

Ms. Williams has stated a viable minimum wage claim.

## C. Failure to Pay Overtime

### 1. Ms. Barajas

Previously, the Court held that Ms. Barajas's overtime claim was viable – both with respect to her time as a Consultant and with respect to her time as a commission-only salesperson. *See* Docket No. 57 (Order at 8). In the pending motion to dismiss, CSI does not raise any challenge to Ms. Barajas's overtime claim. Therefore, Ms. Barajas's overtime claim, in its entirety, shall proceed.

### 2. Mr. Grant

In the pending motion, CSI argues that, in the 3AC, Mr. Grant has failed to state a claim for relief for either his time as an Advanced Planning Counselor or his time as an Outside Sales Representative.

#### a. Advanced Planning Counselor

This time, Mr. Grant has pled enough to support an overtime claim for his time as an Advanced Planning Counselor. As noted above, in *Landers*, the Ninth Circuit held that, "at a

4

1    minimum," a plaintiff must plead the following for an overtime claim: "that she worked more than
2    forty hours in a given workweek without being compensated for the hours worked in excess of
3    forty during that week." *Id.* at 645. Here, Mr. Grant has identified a given workweek –
4    essentially, *all* workweeks for the time that he was an Advanced Planning Counselor from 2015 to
5    2016. *See, e.g.*, 3AC ¶ 27 (alleging that Mr. Grant does not recall a week in which he did not
6    work "at least 41 hours in a week"). He has also alleged that he worked more than forty hours in
7    the given workweek(s) and that he was not compensated for the hours that exceeded 40. *See* 3AC
8    ¶ 27 (alleging that CSI failed to pay Mr. Grant for "hours worked in excess of 8 hours in a day, or
9    40 hours in a week"). CSI criticizes Mr. Grant for not alleging with more specificity "how much
10   he actually did work at any time during his employment," Mot. at 7, but *Landers* does not require
11   such.

       b.    Outside Sales Representative

13   Previously, the Court that Mr. Grant's overtime claim was viable as to his time as an
14   Outside Sales Representative. *See* Docket No. 57 (Order at 8) (holding that Mr. Grant had a viable
15   overtime claim with respect to his time as an Outside Sales Representative because he had alleged
16   that he "worked more than 40 hours per week and . . . [was] not paid at all"). Mr. Grant, however,
17   has altered his allegations in the 3AC and therefore CSI is not barred from raising a new challenge
18   to the overtime claim based on Mr. Grant's time as an Outside Sales Representative. Based on the
19   allegations in the 3AC, the Court agrees that Mr. Grant has failed to state a claim for relief. Most
20   notably, although Mr. Grant has alleged that he "worked without compensation" during his time as
21   an Outside Sales Representative, 3AC ¶ 28, he does not clearly allege that he worked more than 40
22   hours in a given workweek.

       c.    Summary

24   Mr. Grant's overtime claim based on his time as an Advanced Planning Counselor survives
25   CSI's 12(b)(6) challenge, but not his overtime claim based on his time as an Outside Sales
26   Representative.

27   3.    Ms. Williams

28   In the motion to dismiss, CSI challenges the adequacy of Ms. Williams' overtime claim

5

with respect to both her job as a Pre-Planning Counselor and her job as a commission-only employee.

### a. Pre-Planning Counselor

Previously, the Court held that Ms. Williams's overtime claim was viable with respect to her time as a Pre-Planning Counselor. *See* Docket No. 57 (Order at 8). Ms. Williams, however, has changed has allegations with respect to that position, and therefore CSI is not barred from making a new challenge to this specific overtime claim.

Based on the allegations in the 3AC, Ms. Williams has alleged enough to support an overtime claim. In *Landers*, the Ninth Circuit held that "[a] plaintiff may establish a plausible claim [for overtime] by estimating the length of her average workweek during the applicable period and the average rate at which she was paid." *Landers*, 771 F.3d at 645. Here, Ms. Williams has alleged that she was paid an hourly rate of $17; that she was never paid for more than 40 hours per week; and that she "worked more than 40 hours *each week*" of the ten weeks she was a Pre-Planning Counselor. 3AC ¶ 32 (emphasis added).

### b. Commission-Only Employee

The Court also holds that Ms. Williams has adequately stated an overtime claim based on her time as a commission-only employee. As noted above, Plaintiffs allege in the 3AC that, when Ms. Williams worked as a Pre-Planning Counselor, she "worked more than 40 hours each week," 3AC ¶ 32, and that, when she became a commission-only employee, her "job duties and hours did not change." 3AC ¶ 33. Plaintiffs further allege that, "during each month of her employment as a commission-only employee, Ms. Williams worked at least . . . 40 hours in a week, several times each month without overtime compensation." 3AC ¶ 33. Although ¶ 33 is somewhat confusing because of the phrase "several times each month," the Court shall make all reasonable inferences in Ms. Williams's favor and construe the allegation in ¶ 33 to be consistent with the allegation in ¶ 32 – *i.e.*, that Ms. Williams worked more than 40 hours "*each week*" (*i.e.*, not just "several times each month"). Given the allegations that Ms. Williams worked more than 40 hours each week and was not paid overtime compensation, the Court finds that Ms. Williams has adequately stated a claim for relief.

   c.  Summary

The Court denies the motion to dismiss Ms. Williams's overtime claim, both with respect to her time as a Pre-Planning Counselor and her time as a commission-only employee.

D.  Section 203 Violation

The parties agree that the § 203 claim rises or falls with the minimum wage and overtime claims above. Accordingly, the motion to dismiss on the § 203 claim is granted in part and denied in part, consistent with the rulings above.

E.  Section 17200 Violation

CSI argues that the § 17200 claim is inadequately pled for several reasons: (1) Plaintiffs could obtain legal damages through their other causes of action and there is no indication that that remedy would be inadequate such that Plaintiffs should get equitable relief under § 17200; and (2) in spite of this Court's prior ruling, Plaintiffs continue to seek nonrestitutionary relief for the § 17200 claim such as CSI's profits.

The Court rejects CSI's first argument. In its prior order, the Court specifically noted that the argument "seems premature" (as it is dependent on Plaintiffs prevailing on their other claims). Docket No. 57 (Order at 24). However, CSI's second argument has merit. The Court previously noted: "Plaintiffs argue that they should be given any money that CSI *earned* (including but not limited to a higher stock price) by, *e.g.*, not having to pay them wages, but this is categorically not restitution – *i.e.*, restoring to Plaintiffs what was taken from them." Docket No. 57 (Order at 24). In spite of this statement, Plaintiffs continue to allege in the 3AC that "Defendant generated income, reduced its employee costs, and enjoyed higher stock prices as a direct result of the above-mentioned unlawful and unfair business practices. This includes the ability to earn revenue and profits by securing commission-only employment without a written commission agreement . . . ." 3AC ¶ 69.

Accordingly, the motion to dismiss is granted in part on the § 17200 claim. As the Court held before, Plaintiffs are entitled to only restitutionary relief (*e.g.*, unpaid wages). At the hearing, Plaintiffs seemed to disavow they were seeking anything other than improperly withheld wages.

F. <u>Motion to Strike</u>

Finally, CSI has moved to strike certain allegations in the 3AC as immaterial. *See* Fed. R. Civ. P. 12(f) (providing that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). In particular, CSI points to ¶¶ 4, 43(3)-(6), and 45(e)-(q), (s) which, it maintains, "contain numerous assertions regarding causes of action that have been dismissed or abandoned, including references to claims under Labor Code § 2751, to breach of contract allegations, and to 'false promises' that had formed the basis for attempted fraud claims dismissed in prior versions of Plaintiffs' complaint." Mot. at 12. In response, Plaintiffs basically argue that the paragraphs simply provide background or context.

> "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F. 3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike are regarded with disfavor, as they are often used as delaying tactics, and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 888 (N.D. Cal. 2012) (internal quotations omitted) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)). However, "[i]n the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Brown*, 913 F. Supp. 2d at 888.

*Asetek Danmark A/S v. Coolit Sys.*, No. 19-cv-00410-EMC, 2019 U.S. Dist. LEXIS 225134, at *10 (N.D. Cal. Dec. 30, 2019).

In spite of the relatively strict standard above, the Court grants CSI's motion to strike (with one exception). CSI makes a fair point that most of the paragraphs identified are irrelevant now that the Court has dismissed Plaintiffs' claims for breach of contract, fraud, violation of § 2751, and violation of PAGA. For example:

- Paragraph 4 alleges that Ms. Barajas intends to bring a PAGA claim once she has exhausted the claim and the Court gives her leave to amend. *See* 3AC ¶ 4. Ms. Barajas does not need this allegation because the Court's prior order already indicated that she could seek leave to amend to add back in a PAGA claim.

8

- Paragraph 43(3) proposes the following subclass: "all Class members that were subject to breach(es) to their commission agreements by Defendants." This subclass makes no sense because the Court dismissed the breach-of-contract claim (and with prejudice).

- Paragraph 43(4) proposes the following subclass: "all Class members that were subjected to and reasonably relied on Defendant's intentional misrepresentations in entering into employment and/or commission agreements." Similarly, ¶ 43(5) proposes the following subclass: "all Class members that were subjected to and reasonably relied on Defendant's false promises in entering into employment and/or commission agreements." These subclasses make no sense because the Court dismissed the fraud claims (and with prejudice).

- Paragraph 45(e) claims that there are common questions (supporting class certification) such as "[w]hether Defendants breached terms of the commission agreements." This allegation makes no sense because the Court dismissed the breach-of-contract claim.

- Paragraphs 45(f)-(p) claim that there are common questions (supporting class certification) regarding false promises and representations. But these allegations make no sense because the Court dismissed the fraud claims.

- Paragraph 45(s) claims that there are common questions (supporting class certification) as to "[w]hether violations of the Labor Code also establish PAGA violations." But this allegation is premature given that, at present, there is no PAGA claim in the case (even though Ms. Barajas may move for leave to amend and add such a claim back into the case).

The only paragraph identified by CSI that should not be stricken is ¶ 45(q), which claims that there are common questions (supporting class certification) as to "[w]hether Defendant failed to provide Employees with written commission agreements in violation of Labor Code section 2751." Although the Court has dismissed (with prejudice) both the claim for violation of § 2751 and the PAGA claim based on a violation of § 2751, it has not dismissed the § 17200 claim based

9

on a violation of § 2751. *See* Docket No. 57 (Order at 24) (noting that, although there is no standalone claim for violation of § 2751 and no PAGA claim based on § 2751, there could be a § 17200 claim).

## II. CONCLUSION

For the foregoing reasons, the motion to strike is granted in part and denied in part, and the motion to dismiss should likewise be granted in part and denied in part.

With respect to the motion to strike the following paragraphs are stricken: paragraphs 4, 43(3), 43(4), 45(e), 45(f)-(p), and 45(s).

With respect to the motion to dismiss, below are the Court's specific rulings:

- Failure to pay minimum wages. CSI has challenged only the claims brought by Mr. Grant and Ms. Williams.
  - Mr. Grant has a viable minimum wage claim – both for his time as an Outside Sales Representative and for his time as an Advanced Planning Counselor.
  - Ms. Williams has a viable minimum wage claim with respect to her time as a commission-only employee. She does not assert such a claim as a Pre-Planning Counselor.
- Failure to pay overtime. CSI has challenged only the claims brought by Mr. Grant and Ms. Williams.
  - The Court allows only part of Mr. Grant's overtime claim – *i.e.*, the claim based on his time as an Advanced Planning Counselor.
  - Ms. Williams has a viable overtime claim, both with respect to her time as a Pre-Planning Counselor and as a commission-only employee.
- Violation of § 203. This claim rises or falls with the minimum wage and overtime claims.
- Section 17200 violation. The motion to dismiss is granted in part – *i.e.*, to the extent Plaintiffs continue to seek nonrestitutionary relief.

Where the Court has dismissed claims, the dismissals are all with prejudice. The Court has

10

already given Plaintiffs multiple opportunities to amend but there are still deficiencies with certain claims. Further amendment for those claims is therefore futile or at least unduly prejudicial to CSI given that this case needs to move past the pleading stage.

This order disposes of Docket No. 65.

**IT IS SO ORDERED**.

Dated: March 12, 2020

_____
EDWARD M. CHEN
United States District Judge