UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSHIRA BARAJAS, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>CARRIAGE SERVICES, INC.,<br>　　　　Defendant. | Case No. 19-cv-02035-EMC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 77 |

　　　　Plaintiffs are former employees of Defendant Carriage Services, Inc. ("CSI") suing for minimum wage and overtime violations. CSI has served document requests seeking Plaintiffs' tax returns for the years they claim to have been employed at CSI and for one year prior. CSI says it wants to know Plaintiffs' employment status and compensation during that time. That request is a bit of a head scratcher. People who are *self*-employed have to come up with something to provide to the IRS in a tax return. But employees normally don't create their own employment information for the IRS. That information comes from the employer – here, CSI. Sometimes employees turn over a W-2, and other times it's more automated, but the information comes from the employer. So, doesn't CSI have it already? At the telephonic hearing CSI said it didn't know and was still looking into that.

　　　　CSI also wants to know if the Plaintiffs were employed by some other company during the time they allege they were employed by CSI, which could lend doubt to their claim they worked for CSI. But tax returns implicate privacy interests, and the Court does not understand why we should do this second-order inquiry into whether the Plaintiffs were employed by CSI. CSI should know that. There should be payroll records that show this. CSI has failed to explain why it needs any discovery to figure out who its employees were and what it paid them. The notion that we

should find out who else the Plaintiffs worked for, see what their compensation was for the other company, guess how many hours a year that implies they worked for the other company, and then see if there was enough time left in the day to also be a CSI employee is a completely backwards and disproportional way to figure out if they were CSI employees. And the request for tax returns for the year *before* the Plaintiffs claim they worked for CSI is simply unexplained.

The Court denies CSI's motion to compel because the information sought – Plaintiffs' employment status with CSI and their compensation – "can be obtained from some other source that is more convenient [and] less burdensome," Fed. R. Civ. Proc. 26(b)(2)(C)(i), namely from CSI itself. But the denial is without prejudice because CSI is still investigating its own records. Payroll records are the sort of thing employers normally have, and CSI has not shown that it doesn't, but when it finishes its investigation perhaps it will come up with a reason why its records are insufficient.

**IT IS SO ORDERED.**

Dated: March 20, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge