Andrew L. Chang (SBN 222309)
achang@shb.com
Jason M. Richardson (SBN 250916)
jmrichardson@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104
Tel: 415.544.1900 | Fax: 415.391.0281

Attorneys for Defendant
CARRIAGE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| YOSHIRA BARAJAS, individually and on behalf of others similarly situated; HENRY GRANT, individually and on behalf of others similarly situated; NACHAE WILLIAMS, individually and on behalf of others similarly situated; and BURIEL DENISE WILLIAMS DAVIS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRIAGE SERVICES, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-02035-EMC<br><br>**DEFENDANT CARRIAGE SERVICES, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Carriage Services, Inc. ("CSI") hereby answers Plaintiffs' Third Amended Complaint ("Complaint") as follows:

CSI denies all allegations unless specifically admitted, and any factual averment admitted is admitted only as to the specific fact and not as to any conclusions, characterizations, implications, or speculation contained in the averment or in the Complaint as a whole.

## INTRODUCTION

1. CSI admits that the remaining Plaintiffs, Yoshira Barajas, Nachae Williams, and Hentry Grant are attempting to bring a class or representative action against CSI and other defendants (including Doe defendants), but it denies that class treatment of Plaintiffs' claims is appropriate or permissible, or that Plaintiffs can meet the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23. Except as admitted in this paragraph, CSI denies all remaining material factual allegations set forth in Paragraph 1.

2. CSI admits that Plaintiffs were compensated for a limited period of time on an hourly basis during training. CSI denies all other allegations contained in paragraph 2. To the extent that paragraph 2 contains legal conclusions, as opposed to factual allegations, CSI need not and does not respond.

3. CSI denies the allegations set forth at paragraph 3 including specifically that it failed to compensate Plaintiffs as required by law. To the extent paragraph 3 seeks to describe minimum wage and overtime payment requirements as required by the City of Richmond, such legal conclusions do not amount to factual allegations requiring admission or denial.

4. Paragraph 4 has been stricken by the Court. (See ECF No. 79.)

5. Paragraph 5 contains no factual allegations requiring admission or denial, but is instead comprised entirely of legal conclusions. To the extent a response could be construed as being required, CSI denies.

## JURISDICTION AND VANUE

6. Statements in Paragraph 6 constitute legal assertions and conclusions, rather than factual allegations for which a response is required and are. CSI admits that it has employed persons

in California. To the extent paragraph 6 contains any further factual allegations, CSI denies such allegations.

7. Statements in Paragraph 7 regarding whether venue was appropriate in Contra Costa County constitute legal assertions and conclusions, rather than factual allegations for which a response is required. Furthermore, CSI denies that any alleged unlawful practices were committed in Contra Costa County, or otherwise. CSI presently lacks sufficient information to admit or deny allegations regarding Plaintiffs' residency and/or whether Plaintiffs performed job duties in Contra Costa County, and on that basis denies.

## PARTIES

### I. Individual Plaintiffs

8. CSI admits that Plaintiff Yoshira Barajas was an employee of CSI at some point in time. CSI has no basis to respond to Plaintiffs' nonspecific allegation that Plaintiff Yoshira Barajas was an employee "at all relevant times" and on that basis denies. To the extent that paragraph 8 seeks admission that Ms. Barajas resides in Contra Costa County, CSI lacks sufficient basis to admit or deny and on that basis denies.

9. CSI admits that Plaintiff Henry Grant was an employee of CSI at some point in time. CSI has no basis to respond to Plaintiffs' nonspecific allegation that Plaintiff Henry Grant was an employee "at all relevant times" and on that basis denies. To the extent that paragraph 9 seeks admission that Mr. Grant resides in Contra Costa County, CSI lacks sufficient basis to admit or deny and on that basis denies.

10. CSI admits that Plaintiff Nachae Williams was an employee of CSI at some point in time. CSI has no basis to respond to Plaintiffs' nonspecific allegation that Plaintiff Nachae Williams was an employee "at all relevant times" and on that basis denies. To the extent that paragraph 10 seeks admission that Ms. Williams resides in Contra Costa County, CSI lacks sufficient basis to admit or deny and on that basis denies.

### II. Defendant

11. CSI admits that it is licensed to and does operate in California, and that it employs California citizens. To the extent that paragraph 11 contains legal conclusions including with regard

3

1  to related entities, rather than factual admissions requiring admission or denial, CSI need not respond.

2  12.  Paragraph 12 contains legal conclusions, rather than factual allegations requiring admission or denial.

3  13.  Paragraph 13 contains no factual allegations requiring admission or denial.

## FACTUAL BACKGROUND

14.  CSI admits that it previously employed Plaintiff Yoshira Barajas. CSI responds that Plaintiff Yoshira Barajas initially joined CSI as a Trainee in the Inside Advanced Planner Program in or about October 2015. CSI denies that Ms. Barajas was "forced to quit in or around mid-2018 due to unfair working conditions." CSI further denies that it failed to compensate Ms. Barajas as required under California law at any time.

15.  CSI responds that Plaintiff Yoshira Barajas initially joined CSI as a Trainee in the Inside Advanced Planner Program in or about October 2015. CSI further responds that Ms. Barajas' duties in this capacity included sales activities. To the extent paragraph 15 seeks to describe minimum wage and overtime payment requirements as required by the City of Richmond, such legal conclusions do not amount to factual allegations requiring admission or denial.

16.  CSI denies the allegations set forth at paragraph 16.

17.  CSI admits that Ms. Barajas elected to receive her net pay for each pay period by a pay card in or about October 2015.  CSI denies the remaining allegations set forth at paragraph 17.

18.  The allegations of paragraph 18 do not appear to relate to Plaintiff Barajas' remaining claims; therefore no response is required to those allegations. To the extent they could be construed as containing factual allegations concerning remaining claims, CSI denies.

19.  CSI denies the allegations set forth at paragraph 19, including specifically denying any allegation that Ms. Barajas' employment status was changed by CSI without her knowledge or consent.

20.  The allegations at paragraph 20 appear to relate to claims that have been dismissed and which require no response. To the extent that these allegations could be construed as applying to Ms. Barajas' remaining claims CSI denies the allegations at paragraph 20.

4

21. The allegations at paragraph 21 appear to relate to claims that have been dismissed and which require no response. To the extent that these allegations could be construed as applying to Ms. Barajas' remaining claims CSI denies the allegations at paragraph 21.

22. CSI responds that the amount of compensation commissioned sales employees receive is affected by the amount of sales made. CSI denies the remaining allegations in paragraph 22.

23. CSI denies the allegations at paragraph 23.

24. CSI denies the allegations at paragraph 24 on information and belief.

25. CSI admits that it employed Henry Grant, but denies all other allegations at paragraph 25.

26. CSI lacks sufficient information to admit or deny the allegations at paragraph 26 and on that basis denies.

27. CSI denies the allegations at paragraph 27 on information and belief.

28. CSI denies the allegations set forth at paragraph 28, including specifically denying any allegation that Mr. Grant's employment status was changed by CSI without his knowledge or consent.

29. CSI admits that Mr. Grant no longer works for CSI, but denies any and all remaining allegations, and specifically denies that Mr. Grant's cessation working for CSI was in any way related to any failure to compensate Mr. Grant as required by law.

30. CSI denies the allegations at paragraph 30 on information and belief.

31. CSI admits that it employed Nachae Williams, but denies all other allegations at paragraph 31.

32. CSI responds that it employed Ms. Williams in a sales capacity. It denies the remaining allegations at paragraph 32 on information and belief.

33. CSI denies the allegations set forth at paragraph 33, including specifically denying any allegation that Ms. Williams' employment status was changed by CSI without her knowledge or consent.

34. CSI admits that Ms. Williams no longer works for CSI, but denies any and all

remaining allegations, and specifically denies that Ms. Williams' cessation of working for CSI was in any way related to any failure to compensate her as required by law

35. CSI denies the allegations at paragraph 35 on information and belief.

36. CSI denies the allegations at paragraph 36.

37. The allegations of paragraph 37 do not appear to relate to Plaintiffs' remaining claims; therefore no response is required to those allegations. To the extent they could be construed as containing factual allegations concerning remaining claims, CSI denies these allegations.

38. CSI denies the allegations at paragraph 38.

39. The allegations of paragraph 39 do not appear to relate to Plaintiffs' remaining claims; therefore no response is required to those allegations. To the extent they could be construed as containing factual allegations concerning remaining claims, CSI denies these allegations.

40. CSI denies the allegations at paragraph 40.

41. CSI denies the allegations at paragraph 41.

42. CSI denies the premise that Plaintiffs or any putative class members "suffered…mistreatment" or were not compensated as required by law, as alleged at paragraph 42. To the extent that the remainder of this paragraph describes Plaintiffs' "belie[f]" CSI lacks a basis on which to admit or deny what Plaintiffs do or do not believe and on that basis denies.

## CLASS AND REPRESENTATIVE ACTION

43. CSI admits that Plaintiffs are attempting to bring a class action lawsuit. CSI admits that Plaintiffs are attempting to define a class. CSI acknowledges that Plaintiffs are attempting to define various sub-classes identified as sub-classes (1) through (7). CSI denies that class treatment of Plaintiffs' claims is appropriate or permissible or that Plaintiffs can meet the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23. Except as admitted, CSI denies all remaining material factual allegations set forth in Paragraph 43.

44. CSI responds that the allegations in Paragraph 44 constitute legal argument and conclusions to which no response is required. To the extent a response is required, CSI denies that class treatment of Plaintiffs' remaining claim is appropriate or permissible or that Plaintiffs can meet

1  the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23.  CSI denies all remaining material factual allegations, if any, set forth in Paragraph 44 not expressly admitted herein.

  45. CSI states that the allegations in Paragraph 45 constitute legal argument and conclusions to which no response is required, particularly as to dismissed Plaintiffs and claims. Relatedly, CSI notes that portions of this paragraph have been stricken by this Court. (See ECF No. 79.) To the extent a response is required, CSI denies that class treatment of Plaintiffs' remaining claim is appropriate or permissible or that Plaintiffs can meet the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23. CSI denies all remaining material factual allegations, if any, set forth in Paragraph 45 not expressly admitted herein.

  46. CSI denies that it "failed to compensate its Employees for hours worked as required by California law." CSI further denies that class treatment of Plaintiffs' remaining claims is appropriate or permissible or that Plaintiffs can meet the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23. CSI denies all remaining material factual allegations, if any, set forth in Paragraph 46 not expressly admitted herein.

  47. CSI states that the allegations in Paragraph 47 constitute legal argument and conclusions to which no response is required. To the extent a response is required, CSI denies that class treatment of Plaintiffs' remaining claims is appropriate or permissible or that Plaintiffs can meet the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23.  CSI denies all remaining material factual allegations, if any, set forth in Paragraph 47 not expressly admitted herein.

  48. CSI states that the allegations in Paragraph 48 constitute legal argument and conclusions to which no response is required. To the extent a response is required, CSI denies that class treatment of Plaintiffs' remaining claims is appropriate or permissible or that Plaintiffs can meet the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23. CSI denies all remaining material factual allegations, if any, set

7

1  forth in Paragraph 48 not expressly admitted herein.

2  49.  CSI states that the allegations in Paragraph 49 constitute legal argument and conclusions to which no response is required. To the extent a response is required, CSI denies that class treatment of Plaintiffs' remaining claims is appropriate or permissible or that Plaintiffs can meet the requirements necessary to certify a class, including but not limited to, the requirements of Federal Rule of Civil Procedure 23. CSI denies all remaining material factual allegations, if any, set forth in Paragraph 49 not expressly admitted herein.

50.  Paragraph 50 contains no factual allegations requiring admission or denial.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages In Violation of Cal. Labor Code Section 1197

**(All Plaintiffs Against All Defendants and Does 1-50)**

51.  Paragraph 51 contains no additional factual allegations requiring admission or denial.

52.  Paragraph 52 is comprised entirely of legal conclusions rather than factual allegations requiring admission or denial.

53.  Paragraph 53 appears to be comprised of legal conclusions rather than factual allegations requiring admission or denial. To the extent paragraph 53 could be construed as containing factual allegations, CSI denies.

54.  Paragraph 54 appears to be comprised of legal conclusions rather than factual allegations requiring admission or denial. To the extent paragraph 54 could be construed as containing factual allegations, CSI denies, including denying that it did "the things described herein."

55.  Paragraph 55 appears to be comprised of legal conclusions rather than factual allegations requiring admission or denial. To the extent paragraph 55 could be construed as containing factual allegations, CSI denies, including denying the apparent premise that Plaintiffs were denied any wages or compensation by CSI.

56.  CSI denies the allegations at paragraph 56.

57.  CSI denies the allegations at paragraph 57.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of

### Cal. Labor Code Section 510

### (Plaintiffs Against All Defendants and DOES 1-50)

58. Paragraph 58 contains no additional factual allegations requiring admission or denial.

59. Paragraph 59 is comprised of legal conclusions rather than factual allegations requiring admission or denial.

60. CSI denies the allegations at paragraph 60.

61. CSI denies the allegations at paragraph 61.

62. Paragraph 62 appears to be comprised of legal conclusions rather than factual allegations requiring admission or denial. To the extent paragraph 62 could be construed as containing factual allegations, CSI denies.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 203

### (All Plaintiffs against all Defendants and DOES 1-50)

63. Paragraph 63 contains no factual allegations requiring admission or denial.

64. Paragraph 64 is comprised of legal conclusions, rather than factual allegations requiring admission or denial.

65. Paragraph 65 appears to be comprised of legal conclusions rather than factual allegations requiring admission or denial. To the extent paragraph 65 could be construed as containing such allegations, CSI denies, including denying that it did "the things alleged herein."

66. CSI denies that it engaged in the alleged conduct purportedly referenced at paragraph 66 and accordingly denies that Plaintiffs are entitled to any waiting penalties as a result of such purported conduct.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq.*

### (All Plaintiffs Against All Defendants and DOES 1-50)

67.  Paragraph 67 contains no additional factual allegations requiring admission or denial.

68.  The content of paragraph 68 appear to constitute legal argument rather than factual allegations regarding admission or denial. To the extent paragraph 68 could be construed as containing factual allegations, CSI denies. CSI denies that it has engaged in "the conduct described above" at paragraph 68, and further denies that it has violated the provisions of California Business & Professions Code § 17200 .

69.  CSI denies the allegations at paragraph 69, and specifically denies that it engaged in "the above-mentioned unlawful and unfair business practices" Plaintiffs seek to allege and reference.

## PRAYER FOR RELIEF

CSI states that the Prayer for Relief and subparts constitute legal assertions and conclusions to which no response is required. To the extent that responses are required, CSI denies the material factual allegations, if any, in the Prayer for Relief and subparts. CSI denies that Plaintiffs are entitled to any relief on any of the claims asserted in the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

CSI asserts the following affirmative defenses applicable to the remaining Plaintiffs and to the putative classes.  In pleading these defenses, CSI does not admit it bears the burden of proof, production, or persuasion on such defenses. Further, CSI specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, which may become apparent at any time during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members lack standing to sue as they have not suffered any injury in fact, nor are they threatened with any future injury in fact.

10

### SECOND AFFIRMATIVE DEFENSE

### (Nonexistent and/or Speculative Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class members were not damaged by any act or omission of CSI. Further, any damages sought by Plaintiffs and the putative class members are speculative, uncertain, remote, and/or incapable of calculation.

### THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Third Amended Complaint and each and every cause of action alleged therein that accrued prior to the filing of the original Complaint by more than the applicable statute of limitations period are time-barred.

### FOURTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Plaintiffs' claims and/or the claims of some or all of the putative class members are barred in whole or in part because CSI complied with its statutory obligations, and to the extent it is determined that there was non-compliance, CSI substantially complied with its obligations and is not liable in whole or in part for Plaintiffs' remaining cause of action.

### FIFTH AFFIRMATIVE DEFENSE

### (Apportionment and Contribution)

CSI is entitled to indemnification by apportionment against and/or contribution from all other persons, including Plaintiffs and any putative class members, whose negligence, acts, omissions or other conduct proximately caused or contributed to the injuries of Plaintiffs and/or any putative class member, if any.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Business Judgment)**

The Third Amended Complaint and each and every cause of action alleged therein are barred because CSI's actions were reasonable exercises of business judgment, not forbidden by law, and which were undertaken in a permissible way and in good faith belief that such actions and conduct were lawful and valid.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith Action or Omission/Not Willful; Good Cause)**

Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, because any alleged act(s) or omission(s) which may be found to be in violation of law by CSI was not willful, but occurred in good faith with reasonable grounds for believing it was in full compliance with the California Labor Code, based upon all relevant facts and circumstances known by CSI at the time. Good cause existed for each and every action taken by CSI with respect to Plaintiffs and the putative class members.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

If CSI is found to have failed to properly compensate any Plaintiffs or putative class member, which allegations it denies, CSI's conduct was not willful because there is a good faith dispute as to compensation due.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

Plaintiffs' Third Amended Complaint and each remaining cause of action therein is barred, in whole or in part, by the doctrines of estoppel and waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches and Unclean Hands)**

Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrines of laches and unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, to the extent Plaintiffs or any putative class member have compromised and released claims asserted in this lawsuit, or to the extent such claims have been waived, discharged, released, settled and/or abandoned.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Set-Off and Recoupment)

Any damages, losses or penalties alleged by Plaintiffs and the putative class members are subject to credit or set-off for any additional compensation paid or for any amounts due and owing to CSI.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Utilize or Exhaust Internal, Administrative, Statutory, and/or Contractual Remedies)

Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, to the extent that they have failed to utilize or exhaust their reasonable internal, administrative, statutory, and/or contractual remedies and procedures to obtain the relief sought.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unascertainable Class)

Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, because the class alleged is overbroad, ambiguous, conclusory, lacks the requisite community of interest, and is not precise, objective and/or presently ascertainable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

The Third Amended Complaint fails because the putative class members Plaintiffs purport to represent, the existence of which is expressly denied, lacks numerosity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Inadequate Class Representative)**

The Third Amended Complaint fails to the extent it asserts a class action, because Plaintiffs are not adequate representatives of the putative class members and/or Plaintiffs' counsel is inadequate to represent the putative class members.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(A Class Action is Not Superior)**

Plaintiffs' class claims are not maintainable for, among other reasons, failure to satisfy the superiority requirement.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Individual Questions Predominate)**

The claims alleged by Plaintiffs on behalf of themselves and the putative class, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Claims are Not Common or Typical)**

The claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged putative class Plaintiffs purport to represent, the existence of which is expressly denied.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Due Process/Class Certification)**

The Third Amended Complaint, including specifically the class action allegations set forth therein, is barred because the certification of a class, based upon the facts and circumstances of this case, would constitute a denial of CSI's right to due process under the Fourteenth Amendment to the United States Constitution and also under the California Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Plaintiffs' remaining claims and the claims of some or all of the putative class members are barred, and/or their damages are limited, by the doctrine of avoidable consequences because CSI

took reasonable steps to comply with the law, but Plaintiffs and putative class members unreasonably failed to follow CIS's policies and practices and failed to use the preventative and corrective opportunities available to them, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiffs and putative class members allegedly suffered.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

The Third Amended Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiffs seeks equitable relief, because the injuries or damages Plaintiffs and/or any of the putative class members allegedly suffered, if any, would be compensated adequately in an action at law for damages. Accordingly, Plaintiffs have complete and adequate remedies at law and therefore are not entitled to equitable relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, because they would be unjustly enriched if they are allowed to recover any of the relief sought in the Third Amended Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Excessive Fines)**

Although CSI denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against CSI is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17, Article I, the due process clause of Section 7 of Article 1, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

Plaintiffs and/or the putative class action members are not entitled to recover any civil penalties or any recovery of penalties should be reduced because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

The Third Amended Complaint, and each purported cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel, to the extent Plaintiffs and/or any putative class member or other putative beneficiary of this action has asserted any of the same claims in any prior legal or administrative proceeding.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Exempt Status)

The Third Amended Complaint, and any remaining cause of action alleged therein, is barred in whole or in part, because Plaintiffs were at all relevant times exempt from the provisions of the California Labor Code governing wages, overtime pay, meal and rest break periods, and/or hours of employment, from the wage orders of California's Industrial Welfare Commission, including, but not limited to, the "commissioned sales" exemption or the "outside salesperson" exemption.

### ADDITIONAL AFFIRMATIVE DEFENSES

CSI denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against the remaining Plaintiffs and/or the putative classes. It is not necessary at this time for CSI to delineate such defenses against the putative classes because no class or classes have been certified, and the putative class members are not parties to this litigation. CSI has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. CSI has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter. CSI further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses

that it determines are not applicable during the course of subsequent discovery.

## **PRAYER**

WHEREFORE, Carriage Services, Inc. hereby prays for judgment against the remaining Plaintiffs as follows:

1. That this Court deny every item of relief requested in the Third Amended Complaint.

2. That this Court finds that this action cannot be maintained as a class action.

3. That Plaintiffs and members of the putative class take nothing by the Third Amended Complaint.

4. That judgment be entered in favor of Carriage Services, Inc. and against each of the named Plaintiffs.

5. That Carriage Services, Inc. be awarded its costs in this action and attorneys' fees as may be permitted by law.

6. And for such other and further relief as this Court may deem proper.

7. Carriage Services, Inc. hereby demands a trial by jury.

Dated: March 25, 2020                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   __/s/ Jason M. Richardson_____
              Jason M. Richardson

Attorneys for Defendant
CARRIAGE SERVICES, INC.